

*FORM TO BE USED BY A PRISONER FILING A*
*42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT*
*IN THE UNITED STATES DISTRICT COURT*
*FOR THE EASTERN DISTRICT OF PENNSYLVANIA*

### I. CAPTION

DAVID T. COOPER , Ms ESTHER SAUNDERS   (Fiancee)
(Enter the full name of the plaintiff or plaintiffs)

v.

REGINALD A. ROBERTS, RAYMOND J. HAVRILAK ,

CPL. GRIMM, OFFICER HATFIELD,

DENNIS POWELL,
(Enter the full name of the defendant or defendants)

08-cv-346

### II. PARTIES

a. **Plaintiff**

   Full name: David Cooper

   Prison identification number: #Dj-7072

   Place of present confinement: SCI-Huntingdon, Pa. 16654-1112

   Address: 1100 Pike Street, Huntingdon, Pa. 16654-1112

   Place of confinement at time of incidents or conditions alleged in complaint, including address:
   N/A

   Additional plaintiffs: Provide the same information for any additional plaintiffs on the reverse of this page or on a separate sheet of paper.

b. **Defendants:** (list only those defendants named in the caption of the complaint, section I)

   1. Full name including title: Reginald A. Roberts, Detective Montgomery County

      Place of employment and section or unit: Montgomery County Court House

   2. Full name including title: Raymond J. Havrilak, Pottstown Police

      Place of employment and section or unit: 100 High Street, Pottstown Police Station

   3. Full name including title: CPL. Grimm, Police Officer

      Place of employment and section or unit: 100 High Street, Pottstown Police Station

   4. Full name including title: Officer Hatfield, Police Officer

      Place of employment and section or unit: 100 High Street, Pottstown Police Station

   Additional defendants: Provide the same information for any additional defendants on the reverse of this page or on a separate sheet of paper.

Page 1

5. Full Name including title; <u>Dennis Powell, Parole Agent</u>
   Place of employment and section or unit; <u>Parole Office 1961 New Hope Street Norristown, Pa. 19404</u>

6. Full Name including title: <u>John Doe et al  to the (5) additional Parole Agents which entered the home of the plaintiff's these agents names are unavailable will Amend to the complaint at the appropriate time once their names are retreived</u>.

Pottstown Police Station
100  High Street
Pottstown, Pa. 19464

County Detective Bureau
Montgomery County Court house
P.O. Box 311
Norristown, Pa. 19404     (610) 278-3384

MS. Esther  Saunders
213 east High Street
Apt.# 3
Pottstown, Pa. 19464

## III. PREVIOUS LAWSUITS

*Instructions:*

If you have filed other lawsuits in any federal or state court dealing with the same facts as this complaint or other facts related to your imprisonment, you must provide the information requested below. If you have not filed other lawsuits, proceed to Section IV, Administrative Remedies, on this page.

If you have filed other lawsuits, provide the following information.

Parties to your previous lawsuit:

Plaintiffs _____ n/a _____

Defendants _____ n/a _____

Issues: _____ n/a _____

Court: if federal, which district? _____ n/a _____

if state, which county? _____ n/a _____

Docket number: _____ n/a _____   Date filed: _____ n/a _____

Name of presiding judge: _____ n/a _____

Disposition: (check correct answer(s)); Date: _____ n/a _____

  Dismissed ___ Reason? _____

  Judgment ___ In whose favor? _____

  Pending ___ Current status? _____

  Other ___ Explain _____

  Appeal filed? ___ Current status? _____ n/a _____

**Additional lawsuits.** Provide the same information concerning any other lawsuits you have filed concerning the same facts as this action or other facts related to your imprisonment. You may use the back of this page or a separate sheet of paper for this purpose.

## IV. ADMINISTRATIVE REMEDIES

*Instructions:*

Provide the information requested below if there is an administrative procedure to resolve the issues you raise in this complaint. Examples of administrative procedures include review of grievances, disciplinary action, and custody issues. If no administrative procedures apply to the issues in this complaint, proceed to Section V, Statement of Claim, on page 4.

Page 2

a. **Describe** the administrative procedures available to resolve the issues raised in this complaint:

    Type of procedure. (grievance, disciplinary review, etc.)
    n/a

    Authority for procedure. (DC-ADM, inmate handbook, etc.)
    n/a

    Formal or informal procedure.   n/a

    Who conducts the initial review?

    What additional review and appeals are available?   n/a

b. **Describe** the administrative procedures you followed to resolve the issues raised in this complaint before filing this complaint:

    On what date did you request initial review?   n/a

    What action did you ask prison authorities to take?   n/a

    What response did you receive to your request?   n/a

    What further review did you seek and on what dates did you file the requests?   n/a

    What responses did you receive to your requests for further review?

c. If you did not follow each step of the administrative procedures available to resolve the issues raised in this complaint explain why.
    n/a

Page 3

## V. STATEMENT OF CLAIM

*Instructions:*

*State here as briefly as possible the facts of your case. Use plain language and do not make legal arguments or cite cases or statutes. State how each defendant violated your constitutional rights. Although you may refer to any person, make claims only against the defendants listed in the Caption, Section I. Make only claims which are factually related. Each claim should be numbered and set forth in a separate paragraph with an explanation of how the defendants were involved. Use the reverse of this page or a separate sheet of paper if you need more space.*

Statement of claim:

Plaintiff avers, that the defendant's as listed in paragraphs (1) thru (33) has violated the Plaintiff's 4th, 8th, and 14th Amendments Rights to the United states constitution

## VI. RELIEF

*Instruction: Briefly state exactly what you want the Court to do for you.*

Relief sought:

Compensatory and punitive Damages for the Amount, of Six Hundred ($ 600,000.00). Award Plaintiff, Compensatory and Punitive Damages against each defendant for Conspiracy to Discriminate, Cause Injury to plaintiff, and Illegal Search and Seizure of his home, Damages in the Amount of ($250,000.00).

## VII. DECLARATION AND SIGNATURE

I (we) declare under penalty of perjury that the foregoing is true and correct.

12·28·07
DATE

*David Cooper*
SIGNATURE OF PLAINTIFF(S)

## STATEMENT OF CLAIM:

## FACTUAL HISTORY

1. Plaintiff avers, that on February 17, 2006 he was scheduled for a dentist appointment at approximately 9:00am that morning. Plaintiff got up, and dressed and prepared to leave his home for this appointment.

2. Plaintiff, received a phone call, from a friend Karl Dockery who asked the Plaintiff what was his plans for the day. Plaintiff stated he was on his way out to a dentist appointment, and afterwards he was going to the barber shop for a hair cut, and then later do some clothes shopping.

3. Plaintiff friend Karl Dockery asked if he could go with him after his dentist appointment, Plaintiff said yes its cool. When Plaintiff returned from his dentist appointment he and Karl were on their way to the barber shop and then clothes shopping when the plaintiff received a phone call.

4. Plaintiff received a phone call from Justin Earl Olinger who is close friends with Plaintiff's brother Gilbert Butts. Justin spoke real briefly to the Plaintiff and stated he had something very important to discuss with the Plaintiff and asked if the Plaintiff could stop by his house before he went to get his hair cut, and then shopping.

5. When Plaintiff was about to leave his house, he told his friend Karl to just follow behind him in his vehicle, and that he would stop at Justin's for a brief moment to see what he had to tell him of such great importance. So Karl followed along behind the Plaintiff and parked his car behind Plaintiff's.

6. Once Plaintiff arrived at Justin's apartment and was let in he noticed that Justin was real fidgety and nervous. Talked fast, and made petty small talk. While in the kitchen Justin said look what I got its some good shit, I need your help to bag this product and package it for me to put on the street through some people you may know.

1

7. Justin stated to the Plaintiff your brother told me you just came home and was trying to make money fast, so he asked Plaintiff help him put these ounces of cocaine together and on the block. Plaintiff stated to Justin man you must be crazy you know I just came home, I can't be around no drugs, or criminal activity of any kind besides I only have seven (7) months to max out my parole sentence. I don't know what my brother Gilbert told you, but I am done with that lifestyle I don't hustle or sell drugs any longer. That's when Justin held the coke up to his nose to smell its aroma and said to Plaintiff man this is some good coke I got here just help me out this one time David and I will look out for you.

8. Plaintiff stated Justin I gotta go I got my friend outside waiting on me we about to go to the barber shop and then to the mall for some gear. And as the Plaintiff said that Justin ran towards the exit and then the door flung open and in came police officers with their weapons drawn and Plaintiff was ordered to put his hands in the air and to get on the ground.

9. Plaintiff was stunned and shocked because of the officers aggressiveness, and their weapons being drawn in his face. Plaintiff complied with said orders but before getting completely on the ground officer's jumped on Plaintiff and forced him to the ground by excessive force and police brutality, Plaintiff was struck in the head, abdominal area, and legs. Plaintiff was kicked, punched, and literally stomped by these officers, Detective Reginald Roberts, Sgt. Havrilak, Cpl. Grimm, Officer Hatfield, and Parole Agent Dennis Powell.

10. These named above officers made false reports on the day in question wherein, Detective Roberts falsified the report to support an unlawful arrest without probable cause, and to support fabricated drugs charges on the Plaintiff.

11. Plaintiff avers, that these officers actions and their police misconduct is somewhat supported by Pottstown Memorial Medical Center records on the day of arrest shortly after and by the fabricated police report docket at MCDB Case No. 2006-0229 reporting officer who prepared

SAID REPORT SIGNED BY OFFICER REGINALD A. ROBERTS.

12. PLAINTIFF ASSERTS, THAT HE SCREAMED AND YELLED AT THE DETECTIVES WHILE ON THE FLOOR BEING ASSAULTED THAT HE WAS INNOCENT AND THAT THIS WAS A SET UP. JUSTIN SET HIM UP WITH THIS FABRICATED DRUG POSSESSION AND DISTRIBUTION CHARGE TO FREE HIMSELF OF HIS OPEN CRIMINAL CASE WHICH HE WAS CHARGED WITH OVER THREE HUNDRED (300) GRAMS OF CRACK COCAINE UNAWARE TO PLAINTIFF ON THE DATE OF HIS ARREST.

13. THE DRUGS FOUND ON THE PREMISES WAS ALREADY THERE WHEN PLAINTIFF ARRIVED, THIS IS THE FALSE STATEMENT AND FABRICATED EVIDENCE WITHIN THE POLICE COMPLAINT, AND POLICE INITIAL REPORT. PLAINTIFF HAD LATER FOUND OUT THAT JUSTIN HAD BECOME OFFICERS HAVRILAK AND ROBERTS "PERSONAL" CONFIDENTIAL INFORMANT DATING BACK TO MAY OF 2004 DURING HIS ARREST UP UNTIL THIS YEAR (2007) IF NOT STILL.

14. SERGEANT HAVRILAK HAS A KNOWN REPUTATION FOR BEING A CROOKED OR DIRTY COP WHO KNEW PLAINTIFF'S CRIMINAL BACKGROUND BECAUSE PLAINTIFF WAS ARRESTED BY SGT. HAVRILAK WHICH AT THAT TIME IN 1994 WAS JUST OFFICER HAVRILAK. OFFICER HAVRILAK ONCE MADE A IDLE, VILE THREAT TO PLAINTIFF ONCE THOSE CHARGES OF 1994 WERE DROPPED THAT THIS ISN'T OVER AND ONE DAY HE WILL CATCH THE PLAINTIFF RED HANDED AND SEND THE PLAINTIFF AWAY FOR A LONG TIME, PLAINTIFF BEING MR. DAVID COOPER. PLAINTIFF WAS ALWAYS IN FEAR OF OFFICER HAVRILAK BECAUSE OF THIS THREAT, AS WELL AS HIS VICIOUS REPUTATION FOR VIOLATING SIMPLE POLICE PROCEDURES.

15. PLAINTIFF AVERS, THAT ALL THE POLICE OFFICERS NAMED HEREIN, PARTICIPATED IN HIS ARREST, AND THE PHYSICAL ABUSE HE SUFFERED INSIDE OF THE ALLEGED HOME OF JUSTIN OLINGER'S KITCHEN. SERGEANT HAVRILAK AND DETECTIVE ROBERTS THEORY OR VERSION WITHIN THE INITIAL POLICE REPORT IS UNSUPPORTED.

16. PLAINTIFF AVERS, THAT DETECTIVE ROBERTS POLICE REPORT STATES THAT HE ONLY OPEN HAND SLAPPED THE PLAINTIFF IN HIS MIDSECTION, ABDOMINAL AREA. HOWEVER, WHEN PLAINTIFF ARRIVED AT POTTSTOWN POLICE PRECINCT TWO HOURS AFTER BEING TAKEN OUT OF 985 WARREN STREET HE COMPLAINED TO A POLICE CAPTAIN NAMED EWENING THAT HE COULD NOT BREATH AND WAS COUGHING UP BLOOD

and felt like his ribs were broken from the excessive force used by all the officers involved in the take down at 985 Warren Street.

17. The police Captain Ewening, noticed the Plaintiff was limping bent over and couldn't walk or breath and was holding his rib cage. That is when Captain Ewening ordered officers to have Plaintiff transported to Pottstown Memorial Medical Center by way of Goodwill ambulances. Where he was subsequently examined, and diagnosed with having two (2) broken ribs, he was prescribed pain medication, and then released shortly after into police custody.

18. It was the officers involved in this case contention to their Superior's that no one touched the Plaintiff David Cooper, and it was his own disobeying of the order in resisting arrest, and failure to comply with police procedures. However, this contention is a false allegation where when Plaintiff began his criminal trial in this matter after being formally charged with drug charges, and resisting arrest is a false allegation and is unsupported, where when Plaintiff began his criminal trial in this matter after being charged with the possession of drugs, with the intent to manufacture and deliver, and resisting arrest.

19. Plaintiff avers, that the resisting arrest charge was later withdrawn, dropped or dismissed and not made a part of his original charges he was convicted on. Where Sergeant Havrilak, Detective Roberts, Officer Grimm and Hatfield all knew they had already destroyed portions of the video tape recording to preclude review of their vile threats made, and the excessive force used, and their illegal police brutality in assaulting Plaintiff, which resulted in him having multiple bruises and contusions over his body and two (2) broken ribs from these alleged officers misconduct when they assaulted him.

20. Plaintiff David Cooper, stands approximately 5'7" inches tall, weights 170lbs. The officers that were apart of his arrest all stand approximately 6'0" or taller, over 225lbs or better. Would it be any problem for police officers with weapon's drawn at their height and weight to take down one single defendant who was unarmed and not considered dangerous?

4

21. Plaintiff avers, that this is a clear case of racial discrimination, racial profiling, police brutality, unlawful use of excessive force.

22. Justin Olinger knew, Plaintiff David Cooper was just recently released from state prison and on state parole. Justin had contacted his own previous parole agent Dennis Powell and made false allegation to agent Powell in regards to Plaintiff, at which time agent Powell wasn't Plaintiff's parole agent or assigned to the area Plaintiff was paroled to.

23. Agent Powell has also made several threats to Plaintiff throughout the year of being on supervised parole, first one dating back to 2002 when Plaintiff was paroled and agent Powell was Plaintiff agent. The most recent one being sometime during the first or second week of Plaintiff's release in October of 2005 from state prison.

24. While being interviewed by another agent which is procedure once released you have 24 hours to report to the main parole office in Norristown. While being interview, Plaintiff previous agent Scott Dominick and agent Powell had come into the room where Plaintiff was being interviewed and questioned Plaintiff asking him when was he released from prison, where did he live at and who was Plaintiff's agent, Plaintiff answered all questions and that was when agent Powell clearly threatened Plaintiff by saying if I hear anything about you in the streets that he would be coming for me. And before leaving agent Powell said don't be surprised to see me pop up in Stephanie Lane the address where Plaintiff lived with his fiancee' and children.

25. It is clear to see that agent Powell had a personal dislike towards the Plaintiff and didn't relay that information to Plaintiff's agent Ray Benzavago. While Plaintiff was being arrested outside of 985 Warren Street. Plaintiff's parole agent Benzavago should've been contacted immediately.

26. Agent Dennis Powell is also part of the assault against Plaintiff, once officers and Agent Powell assaulted Plaintiff once cuffed agent

5

Powell had removed Plaintiff's key ring from his pocket and exited 985 Warren Street where he was enroute to Plaintiff's address is what he told officers.

27. Agent Powell and five other parole agents none being Plaintiff's agent Benzavago illegally broke into Plaintiff's home while no one was home and destroyed Plaintiff's home was searched every room or closet still while no one was present. After search came up empty of any drugs or paraphernalia of any kind or weapons. Agent Powell had located a safe in Plaintiff and his fiancee' bedroom at which time he had called Sgt. Havrilak's telephone telling him to ask Plaintiff who the safe belong to Plaintiff said it belong to his fiancee', at which time agent Powell had asked Sgt. Havrilak to ask the Plaintiff what was in the safe and Plaintiff told Sgt. Havrilak money Plaintiff and his fiancee' shared. Then agent Powell had Havrilak ask Plaintiff where his fiancee' was at the time and Plaintiff stated at work and gave Havrilak the number to pass on to agent Powell.

28. Agent Powell had called Plaintiff fiancee' at her job telling her to come home cause he was in her home and Plaintiff David Cooper was in police custody, at which point she had come home to find her home completely destroyed and full of parole agents. Since this wasn't Plaintiff's agent she asked agent Powell what are you doing in my home and how did you get in. At which time he stated we are looking for drugs and that he agent Powell had used the Plaintiff's keys.

29. Plaintiff's fiance stated to agent Powell why isn't David's agent present because the agreement she had signed with Plaintiff's agent didn't say they (unassigned parole agents) couldn't come into her home without her or David present to destroy their entire home. Plaintiff's fiancee' stated to agent Powell this is breaking and entering and not part of the contract she had signed at which point agent Powell got aggressive and insulted Plaintiff's fiancee' and stated he could make things a lot harder for her and her children.

30. Agent Powell also illegally stole a list of about twenty (20) items from the Plaintiff's home none of which had anything to do with why they

were there, some of the items taken were two (2) state I.D.'s of Plaintiff, a marble antique stick, video tapes, pictures, and a number of other items, along with the $2,100.00 dollars from out of her safe.

31. Agent Powell clearly violated his duties of a parole agent, and violated the Plaintiff's constitutional rights when he and others agents unlawfully entered 107 Stephanie Lane, without a warrant or probable cause. He gave false statements regarding the Plaintiff to Plaintiff's fiancee' to convince her to comply with his conduct.

32. Once the plan was set in motion by confidential informant Justin Olinger and Sgt. Havrilak, parole agent Dennis Powell made himself be a part of this investigation simply because he had a personal vendetta against Plaintiff and knew the Plaintiff's acting parole agent wouldn't go along with the unlawful type of conduct displayed so agent Powell kept Plaintiff's agent Ray Benzavago out of the loop of the investigation so he could make things easier for the police officers involved in the initial arrest.

33. Plaintiff avers, that as a direct result of his injury from the police brutality and excessive force he suffered severe damage internally where he was seen by prison doctors, and ordered to use a prescribed steroid inhaler to help his breathing due to the two (2) broken ribs he suffered in the take down. The Plaintiff was told by prison staff here that he would probably need to use this inhaler for the rest of his life.

34. The actions of the aforementioned Defendant's as listed in paragraphs, (1) to (33) has violated the Plaintiff's 4th, 8th, and 14th amendments rights to the United States Constitution when they:

A.) Called Plaintiff to get him to come to the scene of the crime - Sergeant Havrilak and Justin Olinger to set Plaintiff up.

B.) Searched Plaintiff's pockets when he had no weapons and posed no threats.

7

C.) Searched Plaintiff car, person, and property without his consent (See <u>Terry v. Ohio</u>).

D.) Used Excessive Force and Police Brutality when the Defendant's brought Plaintiff to the ground, he was kicked, punched, and stomped, for no reason he was already on the floor.

E.) Violated Plaintiff's 4th amendment rights against unlawful search of his home - and they i.e. (Parole Agents) destroyed his fiancees "Esther Saunders" personal property, and these agents stole $2,100.00 U.S. currency out of her safe.

F.) Removed personal property and other items from out of the home at Stephanie Lane, keys, license, two (2) I.D.'s, a antique marble stick, video tapes, watches, jewelry, and keys off of the Plaintiff's person.

G.) The defendant's tampered with the video recording and destroyed state evidence, to preclude review of the police brutality/excessive force used, where the Plaintiff was being insulted, punched, kicked, and stomped, by these officers. Sergeant Havrilak, Officer Grimm, Officer Hatfield, Detective Roberts, and Agent Powell.

H.) Deprived him of his liberty, forced him and his family to spend money to remodel and fix up the home from the things they destroyed - and Plaintiff's family put up thousands of dollars paying for lawyers fees to defend against the Plaintiff criminal charges.

JURY TRIAL DEMANDED FOR THIS CIVIL ACTION.

## RELIEF

WHEREFORE, Plaintiff request this Honorable Court Grant the following relief:

A.) Issue a preliminary injunction ordering the Defendant's to return Plaintiff's property, and the $2,100.00 dollars stolen from his fiancees safe immediately with interest of 20%.

B.) Compensatory and Punitive damages for police brutality, excessive force, inflicting bodily harm, pain and suffering for the two (2) broken ribs caused by the Defendant's police misconduct, such injury which shall affect the Plaintiff's health for the rest of his life, damages in the amount of six hundred thousand dollars ($600,000.00).

C.) Award Plaintiff, Compensatory and Punitive damages in the amount of two hundred and fifty thousand dollars ($250,000.00), against each defendant's, for conspiracy to discriminate, cause injury to Plaintiff, and deprived him his Constitutional rights to remain free from unlawful arrest, and illegal search and seizure of his home where "Parole Agents" made a unlawful entry therein without any warrant or probable cause.

Respectfully submitted,

David Cooper

Dated: December 28, 2007