IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

David T. Cooper,                    :    Civil Action

        Plaintiff.               :    No. 08-~~2046~~ 346

vs.                                 :

Reginald A. Roberts, et al.,        :

        Defendants.              :


RESPONSE OF PLAINTIFF DAVID T. COOPER,

TO DEFENDANT REGINALD A. ROBERTS, MOTION TO DISMISS

WITH PREJUDICE FALSE ARREST CLAIM UNDER 42 U.S.C.§1983


Plaintiff David T. Cooper, pro-se, by and through the assistance of Neighbourhood Assistance, hereby submits the following Response to Defendant Reginald A. Roberts Motion to Dismiss under Federal Rule 12(b)(6), Plaintiffs' False Arrest Claim. As explained in the accompanying Memorandum of Law, Plaintiff's False Arrest Claim is one that Relief can be Granted upon, therefore, Defendant Reginald A. Roberts Motion to Dismiss must be Denied.

                        Respectfully Submitted,

Date: May 30th 2008    *David T. Cooper*

                  by and through the assistance of

                  Neighbourhood Assistance

                  P.O. Box 742

                  Ardmore, Pa. 19003.

                  AA@neighbourhood-assistance.com

                  **NOT ATTORNEY'S**

                  Assisting Plaintiff,

                  David T. Cooper.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

David T. Cooper,                :   Civil Action
                                                    344
            Plaintiff.          :   No. 08-~~3046~~

vs.                             :

Reginald A. Roberts, et al.,    :

            Defendants.         :


MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF, DAVID T. COOPER,
RESPONSE TO MOTION TO DISMISS FALSE ARREST CLAIM


I. COUNTER INTRODUCTION AND OVERVIEW

Plaintiff David T. Cooper, pro-se, initiated this 42 U.S.C.§1983 Civil Action on March 17, 2008, against Defendant Reginald A. Roberts for clear violations of Plaintiffs' Rights established and guaranteed under the U.S. Constitutions 4th, 8th and, 14th Amendments, caused by actions of Defendant and others of February 17, 2006, wherein Plaintiff was assaulted by Defendant Reginald A. Roberts, then to cover up Defendant Reginald A. Roberts and other Defendants actions, was falsely arrested on Drug charges*. Plaintiff has other Claims against

---

* Plaintiffs' Criminal Conviction is presently on Appeal and within this Appeal Plaintiff has asserted his actual innocence of the charges to which he was coercively forced by Counsel to Plead Guilty under the belief that he would be convicted either way, see (Attached Amended Post Conviction Relief Act Petition).

(1)

Defendant Reginald A. Roberts and other Defendant's, Plaintiff has alleged other Claims against Defendant Reginald A. Roberts and other Defendant's, (1) that Plaintiff was falsely arrested by the defendants to this Action without Probable Cause in violation of 4th Amendment rights; (2) Claim that Defendant Reginald A. Roberts assaulted Plaintiff, violating 8th Amendment rights through using extremely excessive unnecessary force causing Plaintiff to go to Hospital for his injuries; and (3) that Defendant Parole Agent Dennis Powell, along with other Defendant's, knowingly violated 4th and 14th Amendment Rights of Plaintiff and Plaintiff's fiancee by entering into without legal authority their shared residence and took personal property belonging to both Plaintiff David T. Cooper and fiancee Esther Saunders. As a result of Defendant's actions Plaintiff's Family was forced to spend thousands for Attorney fee's to resolve the unjust conviction of Plaintiff which is presently on Appeal. On May 26, 2008, Plaintiff received Defendant's Motion to Dismiss, this response cordially follows.

## II. STANDARD OF REVIEW

A Federal Court in determining whether to grant or deny a Motion to Dismiss under F.R.C.P. 12 (b)(6) failure to state a claim upon which relief can be granted is found in the Rule itself. When considering a Defendant's Motion to Dismiss, the Court is required to accept as true all of the allegations and all reasonable inferences that can be drawn from the Complaint and view them in the light most favorable to the Plaintiff, <u>Morse v. Lower Merion School District</u>, 132 F.3d 902, 906 (3d Cir.

1997), when deciding a Motion to Dismiss, the District Court is not limited to evaluating the complaint alone, it may also consider matters of Public Record, documents attached to the Complaint, and indisputably authentic documents. Delaware Nation v. Pennsylvania, 446 F.3d 410, 413 (3d Cir. 2006), Plaintiff has submitted for this court's consideration in denying the Defendant's 12 (b)(6) Motion, the (Amended Post-Conviction Relief Act Petition), which confirms that Plaintiff is challenging the coerced Guilty Plea relied upon by Defendant.

### III. COUNTER ARGUMENT

Plaintiff's challenge to the false arrest claim is related to the violation of Plaintiff's clearly established 4th Amendment right, the Defendant has not presented a argument showing that resolution of the False arrest claim is a challenge of his conviction or attempting to undo his sentence under the prohibition of Heck, 512 U.S. 477 (1994), wherein the U.S. Supreme Court stated: "that a Plaintiff can challenge 4th Amendment claims under §1983", just as Plaintiffs' challenge under §1983 to the lawfulness of the arrest is a 4th Amendment claim permitted under Heck, because success on the merits would not necessarily imply that Plaintiff's conviction was unlawful, 512 U.S. at 487, n7, 114 S.Ct. 2364, (1994), see also Nelson v. Campbell, 124 S.Ct. 2117, 2124 at [5] (2004), therefore, Defendant, Reginald A. Roberts argument must fail, and the Motion to Dismiss under 12 (b)(6) must be denied and this claim allowed

(3)

to proceed, as Plaintiff has a clearly established 4th Amendment right to be protected from illegal searches/seizures and, unlawful arrests, all of which are Claims made against the Defendant Reginald A. Roberts and other Defendants to this Action, City of Indianapolis v. Edmond, 531 U.S. 32 (2000); Ferguson v. City of Charleston, 532 U.S. 67 (2001), thus, a Jury can find in favor of Plaintiff that Defendant Reginald A. Roberts and, other Defendants did violate clearly established 4th Amendment rights, Harlow v. Fitzgerald, 457 U.S. 800, 817-819, 102 S.Ct. 2727, 2738 (1982) Anderson v. Liberty Lobby, 477 U.S. at 250, 106 S.Ct. 2505 (1986); Celotex Copr v. Catrette, 477 U.S. at 322, 106 S.Ct. 2548 (1986).

IV. **CONCLUSION**

Plaintiff asks that this Court Deny the Defendant Reginald A. Roberts Motion to Dismiss Plaintiff False Arrest Claim under 12(b)(6), as the Plaintiff has made a claim upon which relief can be granted.

Respectfully Submitted,

Dated: May 30th 2008

David T. Cooper

by and through the assistance of Neighbourhood Assistance

P.O. Box 742

Ardmore, Pa. 19003.

AA@neighbourhood-assistance.com

NOT ATTORNEY'S

Assisting Plaintiff,

David T. Cooper.

(4)

# CERTIFICATE OF SERVICE

I _David T Couper_, do Decalre that I am the Plaintiff in the foregoing Response to Defendant Reginald A. Roberts Motion to Dismiss. I Certify that I have this day served a true and correct copy of the same upon the below named and in the manner indicated. I further state that the statements made herein are true and correct based upon my experience, knowledge, information and belief in accordance with the provisions under 28 U.S.C. 1746.

(SERVICE BY U.S. MAIL REGULAR CARRIER)

EDUARDO C. ROBERNEO, Judge
_United States District Court Philadelphia Pa 19106-1797_

Attorney for Defendant
PHILIP W. NEWCOMER
ONE MONTGOMERY PLAZA, SUITE 800
P.O. Box 311
Norristown, Pa. 19404-0311.

David P. Karamessinis
Francis R. Gartner & Associates
1500 Market Stree, Suite 2920
Philadelphia, Pa. 19102.

Kevin R. Bradford
Office of Attorney General
21 S. 12th Street 3rd. Fl.,
Philadelphia, Pa. 19107.

DATE: _May 30th 2008_   /s/ _David T. Couper #HL9533_
_1100 Pike St_
_Huntingdon Pa 16654-1112_

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA : | AMENDED P.C.R.A. PETITION |
| : | CR# 2045-06 |
| v. : | Charges: P/W/I. |
| DAVID T. COOPER, : | |
| Defendant. : | |

## AMENDED POST-CONVICTION RELIEF ACT PETITION

On August 29, 2007, Defendant, David T. Cooper, pro-se, has timely submitted a Petition under the Post-Conviction Relief Act 42 Pa. C.S.A.§9541 et seq., seeking to withdrawl his Guilty Plea as he is actually innocent of the Crimes charged and, afforded a Trial to which he wanted, andor to have an Evidential hearing Granted wherein a record can be created of Counsels ineffective Assistance in the Judicial Process and, to allow for the presentation of material Evidence, andor the reinstatement of Direct Appeal rights from the Guilty Plea. On November 29, 2007, the Entire Office of Public Defender for Montgomery County was appointed to represent Defendant in this P.C.R.A. Petition, however, as a result of the Public defenders Office failure to do anything Defendant has on May 27, 2008, submitted a Letter to the Court seeking to have them withdrawn and to proceed pro-se. On May 28, 2008, Defendant sought the assistance of Neighbourhood Assistance, and by and through the assistance of Neighbourhood Assistance submits the following Amended Post-Conviction Relief Act Petition.

1. PROCEDURAL HISTORY:

On February 17, 2006, Defendant David T. Cooper, was arrested by Police Officer Reginald A. Roberts, and charged with Criminal Conspiracy 35 §78-113§§A30; Manufacturing/Del/Poss/W intent to Manuf or Del 35 §780-113 §§A30; Int Poss Contr Subst By Per Not reg 35§780-113 §§A16; Use/Poss of Drug Paraph 35§ 780-113 §§A32; and Resisting Arrest/other Law Enforce, 18 §5104. Counsel Douglas Breidenbach, esq., was retained for the Preliminary Hearing every Charge was waived to Court on March 14, 2006. New Counsel William C. DeNardo was appointed on August 7, 2006, Trial by Jury was scheduled for October 5, 2006, however, Counsel after speaking with the district Attorney Brendon M. Campbell, told his client that it would be in his best interests to just Plead guilty as he would be convicted either way, so he would cut a deal for him with the Commonwealth. On October 10, 2006, Defendant Davit T. Cooper, under Counsels advise Plead guilty to a crime for which he was not guilty of committing. On October 17, 2006, Defendant was sentenced to no less than 7 years and no more than 14 Years, by the Honorable Judge Thomas M. DelRicci, Defendant is presently serving the sentence imposed at Huntingdon State Correctional Institution. 42 Pa. C.S.A.§9541, 9542.

2. FACTUAL HISTORY:

Had this Case went to Trial the Commonwealth would have tried to produced evidence that defendant Conspired to Possess a Controlled Substance.

(2)

5. Defendant David G. Cooper, has raised in his initial Petition for Post Conviction Relief claims of Trial/Plea Counsels William C. DeNardo Ineffective Assistance 42 Pa. C.S.A. §9543 (a)(iii), for coercing him to Plead Guilty to a crime for which he has not committed and is actually innocent of committing and failing to present represent and litigate Mr. Coopers actual innocence; for withholding crucial evidence of informants background and open cases, failing to file requested Notice of Appeal within the time limits set for filing an Appeal, that Mr. Cooper requested Counsel file. This is Mr. Coopers first P.C.R.A. Petition and therefore none of the issues presented or being presented have been previously litigated or waived under 42 Pa. C.S.A. §9544. This is Mr. Coopers first opportunity to raise the issue Trial/Plea Counsels ineffectiveness and is timely presented under Commonwealth v. Grant, 572 Pa. 48, 813 A.2d 726 (2002). Mr. Cooper hereby Amends the present P.C.R.A. Petition as follows:

(A). Trial/Plea Counsel William C. DeNardo rendered ineffective assistance during the Judicial Process that deprived him of a proceeding to which he wanted and was entitled, violating his right to the effective assistance of Counsel guaranteed under the 6th Amendment and expected under U.S. v. Cronic, 466 U.S. 648, 654-55, 659, 104 S.Ct. 2039, 2044, 2047 (1984); McMann v. Richardson, 397 U.S. at 770, 771, 90 S.Ct. 1448-1449 (1970); and Roe v. Flores-Ortega, 120 S.Ct. 1029, 1037-1040, (2000).

(3)

On September 29, 2006, Counsel William C. DeNardo filed Motion to compel Disclosure of the Commonwealth's Confidential Informant, on October 5, 2006, Mr. Cooper was scheduled for Trial by Jury to begin on October 6, 2006 at 9:00 a.m., then Counsel for no reasonable or strategic reason based on furthering his clients interest filed subsequent Motions on October 6, 2006, to Exclude Specified evidence or Testimony and Contents of Communications that would have proven that Mr. Cooper had nothing to do with being in Possession of any Drugs or Conspiring to Possess any Drugs, this information was crucial to Mr. Cooper showing his innocence and Counsel had no reason for failing to present this information after listening and watching this Information in the District Attorney's Office the day Mr. Cooper was set to go to Trial, thus Counsel did render ineffective assistance for failing to present the information to a Jury at a Trial he knew his client wanted to have, Counsel had no reasonable or strategic basis based on his clients interest to cause his client to forego a Judicial Proceeding that he was entitled to have under the U.S. Constitution, thus Counsel failed entirely to take competent evidence and present it, failing entirely to subject the Commonwealth's case to any adversary testing, denying his client the right to the effective assistance of Counsel for his defense guaranteed under the 6th Amendment, see *Cronic*, 466 U.S. 659, 104 S.Ct. 2047, (1984). The very premise of our adversary system of Criminal Justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted and the innocent go free. It is that very premise that underlies the Sixth

(4)

Amendments. Thus, the adversarial process is protected by the Sixth Amendment requires that the accused have "counsel acting in the role of an advocate", Ferri v. Ackerman, 444 U.S. 193, 204, 100 S.Ct. 402, 409 (1979). Counsel William C. DeNardo knew that the Commonwealth's informant had an open and pending case before Judge Paul W. Tressler as of February 6, 2006, and that Sentencing on that open case the Commonwealth's informant had was continuously rescheduled from February 6, 2006, and was still pending on the date Mr. Cooper was allegedly supposed to have been involved in a conspiracy with this Confidential Informant on February 17, 2006, and Counsel William C. DeNardo knew that this Confidential Informant had not been sentenced for the entire period of time Mr. Cooper was incarcerated on charges from the event that had occurred with this Confidential Informant, thus, Counsel rendered ineffective assistance for failing to take this information and present it to a Jury in defending his clients innocence of the Crimes charged, Counsel had no reasonable or strategic basis for his actions as they surely had nothing to do with presenting a defense on his clients behalf, thus, as a result of Counsels deficient performance in presenting this information in a defense to a Jury at a Trial he knew Mr. Cooper wanted, Counsel denied Mr. Cooper the opportunity to present crucial evidence to a Jury that would have shown that the Commonwealth's Confidential Informant had a motive to lie against Mr. Cooper and fabricate the truth to save his own self from a sentence lying in wait. Therefore, there is a reasonable probabiltity that but for Counsels failures to present

(5)

information he had about the Commonwealth's Confidential Informant, Mr. Cooper would not have been led to believe that he had to Plead guilty under Counsels erroneously given advise that Mr. Cooper would be convicted at Trial even though he is innocent of the crimes charged. Plea Counsel William C. DeNardo rendered ineffective assistance in failing to file a Motion to withdrawl Mr. Cooper's Plea of Guilt after filing a Motion for Modification of Sentence on October 25, 2006, or to consult with Mr. Cooper to insure that he knew how to file the Motion on his own, see Roe v. Flores-Ortega, 120 S.Ct. 1029, 1037-1040, (2000), there is a reasonable probability that had Counsel followed his Clients wishes and filed Motion to Withdrawl the Plea of Guilt or ensure that Mr. Cooper knew how to file such Motion on his own, he would have done so and sought out the Trial he was entitled to have from the onset of the Judicial Proceedings to which Counsel William C. DeNardo rendered ineffective assistance within, therefore, there is a reasonable probability that but counsels errors, Mr. Cooper would not have been denied the right to proceedings he wanted, namely a Trial before a Jury wherein he could have presented, represented and litigated his actual innocence of the crimes charged through a competent defense showing that the Commonwealth's informant made up the events and the Audio and Video surveillance tapes would show that Mr. Cooper had nothing to do with the crimes in question but, was called by the Commonwealth's Informant and told that there was an emergency and he needed him to come to his residence, other information would have revealed that the residence the Commonwealth's information claimed as being his was infact a vacant property

(6)

owned by no-one, thus, there is a reasonable probability that the result of the proceeding at a Trial before a Jury would have resulted in Mr. Cooper being found actually innocent of the crimes charged, thus, Counsel did rendered ineffective assistance within the Meaning of Roe v. Flores-Ortega, 120 S.Ct. 1029 (2000), and is entitled to withdrawl his Plea of Guilt and proceed to Trial before a Jury wherein the information can be presented and judged by proper instruction by them in determining whether Mr. Cooper is guilty or innocent of the crimes charged.

Wherefore, Mr. Cooper respectfully asks that this court Grant the relief requested and allow him to withdraw his Plea and proceed to Trial and or order and evidential Hearing.

Respectfully Submitted,

*David T. Cooper*

DATE: May 30th 2008

(7)

CERTIFICATE OF SERVICE

I _David T. Cooper_, do hereby declare that I am the Defendant in the foregoing Amended Post Conviction Relief Act Petition. I Certify that I have this day served a true and correct copy of the same upon the below named and in the manner indicated. I further state that the statements made herin are true and correct in accordance with the provisions under 18 Pa. C.S.A.§ 4904.

(SERVICE BY U.S. MAIL REGULAR CARRIER)

Eduaro C. Robernco, Judge
United States District
Court Philadelphia
P.a 19106-1797

Philip W. Newcomer
One Montgomery Plaza,
Suite 800 P.O. Box 311
Norristown, Pa 19404-0311

DATE: May 30th 2008  /s/ _David T Cooper #HL-9533_
1100 Pike St SCI Huntingdon
Huntingdon Pa 16654-1112

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| David T. Cooper, | : | Civil Action |
| Plaintiff. | : | No. 08-346 |
| vs. | : | |
| Reginald A. Roberts, et al., | : | |
| Defendants. | : | |

O R D E R

And Now, this 30th day of May, 2008, upon consideration of Plaintiff David T. Coopers' Response to Defendant Reginald A. Roberts Motion to Dismiss Claim for False Arrest with Prejudice, as well as all other responses thereto, it is hereby ORDERED and DECREED that Defendant Reginald A. Roberts Motion to Dismiss is DENIED.

BY THE COURT:

_____
Eduardo C. Robereno, J.