IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID T. COOPER,                :   No. 08-346
          Plaintiff.            :
    v.                          :
Raymond J. Havrilak, et al.,    :
          Defendants.           :

RESPONSE AND OBJECTION TO

DEFENDANT'S RAYMOND J. HAVRILAK, GRIMM AND HATFIELD

MOTION TO DISMISS CERTAIN CLAIMS UNDER FED.R.CIV.P. 12 (b)(6)

Plaintiff David T. Cooper, pro-se, by and through the assistance of Neighbourhood Assistance, submits the following Response and Objection to Defendant's Havrilak, Grimm and Hatfield Motion to Dismiss Certain Claims under Federal Rule of Civil Procedure 12 (b)(6) for reasons stated more concisely within the accompanying Memorandum of Law, respectfully asks that the Court DENY WITH PREJUDICE the Defendant's Motion.

Prepared by:
Neighbourhood Assistance
www.neighbourhood-assistance.com
Non Attorney Assistance
on behalf of Plaintiff,

/s/ David T Cooper

HL-9533
1100 PIKE STREET
HUNTINGDON, PA. 16654-1112.

FILED
JUN 19 2008
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID T. COOPER,                    :    No. 08-346
             Plaintiff.             :
    v.                              :
Raymond J. Havrilak, et al.,        :
             Defendants.            :

MEMORANDUM OF LAW

IN SUPPORT OF RESPONSE AND OBJECTION TO DEFENDANT'S MOTION TO
DISMISS CERTAIN CLAIMS UNDER FED.R.CIV.P. 12(b)(6)

I. COUNTER FACTS:

Plaintiff, David T. Cooper, pro-se, commenced this action under 42 U.S.C. 1983, against Defendants Raymond A. Havrilak, Grimm, Hatfield and other Defendant's for the violation of clearly established and protected Rights under the U.S. Constitutions 4th, 8th and, 14th Amendments, the Claims in part, made against Defendant's Havrilak, Grimm and Hatfield involve their knowing intentional and willful use of grossly excessive and unnecessary force, assaulting the Plaintiff causing physical injury to Plaintiff Head, Face, legs and the breaking of Ribs on February 17, 2006. Defendant's have now filed another Motion to Dismiss Certain claims made against Havrilak, Grimm and Hatfield which are obviously clear enough in Plaintiff's Complaint to the extent Defendant's have been able to compile a Responsive Motion to Dismiss under 12(b)(6), though frivolous in it's bald allegations and conclusions in support thereof, Plaintiff will

address the arguments composed by Defendant to the Parts of the Relief asked for upon the Claims raised would not call into question Plaintiff's Conviction or Shorten the Term of Sentence imposed which is required to implicate the prohibition under Heck v. Humphrey, 512 U.S. 477 (1994), a fact that the Defendant's have not proved nor shown, thus, the Motion to Dismiss certain Claims must be Dismissed with Prejudice.

## II. COUNTER LEGAL ARGUMENT

### A. COUNTER STANDARD FOR REVIEW OF MOTION TO DISMISS:

In it's liberality, Rule 12 (b)(6) erect a powerful presumption against dismissing pleadings for failure to state a cognizable claim for relief. Such dismissals are disfavored and, in view of the Rules "notice pleading" requirements, are not routinely granted, Phonometrics, Inc. v. hospitality Franchise Sys., Inc., 203 F.3d 790, 794 (Fed.Cir.2000) (noting that the complaint "contains enough detail to allow the defendants to answer. Rule 12 (b)(6) requires no more."); Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir.1998). A claim generally will not be dismissed, even though the asserted legal theories are not cognizable or the relief sought is unavailable, so long as other tenable legal claims are evident on the face of the complaint or the pleader is otherwise entitled to any type of relief under another possible legal theory, see Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101, 102 (1957).

### B. PLAINTIFF WAS NOT CONVICTED OF RESISTING ARREST:

Plaintiff was accused of Resisting Arrest on February 17,

(2)

2006 which the Residence wherein he was assaulted by Defendant's and physically injured by their actions of slamming him to the floor, then kicking, stomping and punching him in the head, face, legs and stomach while on the kitchen floor of the residence, then again assaulted by Defendant Reginald A. Roberts outside of the Residence, these claims against Defendant's Havrilak, Grimm, Hatfield and, Roberts does not call into question anything dealing with Plaintiff conviction or the sentence imposed as Plaintiff was never put to Trial for the charged offense of Resisting Arrest as the Resisting Arrest charge was dropped against Plaintiff, thus, Relief being granted upon this claim does not implicate the prohibitions under <u>Heck</u>, 512 U.S. 477 (1994), thus, Defendant's Motion to Dismiss these Claims of the clear violation of Plaintiff 4th, 8th and, 14th Amendment Rights must fail and be denied with Prejudice, <u>Oatway v. American Int'l Group, Inc.</u>, 325 F.3d 184, 187 (3d Cir. 2003); <u>Bowers v. Harwick</u>, 478 U.S. 186, 106 S.Ct. 2841 (1986). Thus, the Defendant's Motion to Dismiss must be rejected in it's entirety with Prejudice as they have clearly failed to show how the grant of Relief upon the claims sought to be dismissed will call into question Plaintiff Conviction or Sentence.

### C.) THE EIGHTH AND FOURTEENTH AMENDMENT CLAIMS SHOULD NOT BE DISMISSED:

On February 17, 2006, Defendant's Roberts, Havrilak, Grimm, Hatfield and another, physically assaulted Plaintiff causing him injuries to his head, face, legs and abdominal area as well as broke ribs, inflicting cruel and

(3)

unusual punishment upon Plaintiff through the use of excessively unnecessary force in violation of Plaintiff 4th, 8th and 14th Amendment Constitutionally protected rights to be free from the infliction of such cruel and unusual punishments, a Jury can find that the excessive use of unnecessary force in subduing Plaintiff who was partially on the ground with his hands up, then assaulting Plaintiff causing him physical injuries to head, face, legs, abdomen and broken ribs was cruel and unusual, and simply no justification for, granted, an officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force, neither will an officer's good intentions make an objectively unreasonable use of force constitutional, Scott v. United States, 436 U.S. 128, at 138, 98 S.Ct. 1717, 1723-1724 (1978), Graham v. Connor, 490 U.S. 397, 109 S.Ct. 1865, 1872 (1989), thus, the unnecessary and wanton infliction of pain caused by the Defendant's assaulting Plaintiff does violate clearly established and protected rights under the U.S. Constitutions 4th, 8th and 14th Amendments, Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078 (1986), Bell v. Wolfish, 441 U.S. 520, 535-539, 99 S.Ct. 1861, 1871-1874 (1979), in Graham, the U.S. Supreme Court directed that when weighing the extent of force used against the need for force, the latter should be examined in light of the "severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he <u>is actively resisting arrest or attempting to evade arrest by flight</u>", 490 U.S. at 396, 109 S.Ct. 1865, accord Santos v. Gates, 287 F.3d 846, 853-855, (9th Cir.2002), thus, the defendant's Motion to Dismiss these claims must be Denied with Prejudice as the charge of Resisting Arrest

(4)

of which no document was dropped thereby removing any justification by Defendant's for the physical injuries caused to Plaintiff from the assaulting him.

Given the foregoing, the Defendant's Motion to Dismiss Certain Claims, must be Denied with Prejudice and this matter scheduled for Trial as a Jury can find in favor of Plaintiff and, the Defendant's have failed entirely to show how the claim's being raised by Plaintiff are barred under the prohibitions of Heck v. Humphrey, 512 U.S. 477 (1994), as the granting of the relief requested would not call into question Plaintiff Conviction or act towards Shortening the Sentence, when Plaintiff was not convicted of the charge of Resisting Arrest, thus, Defendant's have not shown sufficient reason to grant the Motion for Dismissal of Certain Claims under Fed.R.Civ.P. 12(b)(6).

date: 6·16·08

Respectfully Submitted,

David T Cooper

prepared by

Neighbourhood Assistance

www.neighbourhood-assistance.com

Non-Attorney Assistance

on behalf of Plaintiff,

David T. Cooper

(5)

## CERTIFICATE OF SERVICE

I __David T Coupe__, do hereby declare that I am the Plaintiff in the foregoing Response and Memorandum of Law in Support of Response and Objection to Defendant's motion to Dismiss Certain Claims. I Certify that I have this day served a true and correct copy of the same upon the below persons and in the manner indicated. I further state that the statements made herein are true and correct based upon my Experience, Knowledge, Information and belief in accordance with the provisions under 28 U.S.C. §1746.

(SERVICE BY U.S. MAIL REGULAR CARRIER)

| | |
|---|---|
| HONORABLE EDUARDO C. ROBRENO | DAVID P. KARAMESSINIS, ESQ., |
| 601 MARKET STREET | ATTORNEY FOR DEFENDANTS |
| ROOM 11614 | 1500 MARKET STREET |
| PHILADELPHIA, PA. 19106 | SUITE 2920 |
| | PHILADELPHIA, PA. 19102. |

CLERK OF COURT

601 MARKET STREET

PHILADELPHIA, PA. 19106.

Date: 6-16-08    /s/ __David T Coupe HL9533__
__Soi Huntingdon 1100 Pike St__
__Huntingdon Pa 16654-1112__

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID T. COOPER,                : No. 08-346
        Plaintiff.     :
    v.                          :
Raymond J. Havrilak, et al.,    :
        Defendants.    :

RECEIVED
JUN 19 2008

O R D E R

AND NOW, this 16th day of June, 2008, upon consideration of Plaintiff response and Memorandum of Law in Support of Response and Objection to Defendant's Motion to Dismiss Certain Claims under Fed.R.Civ.P. 12(b)(6), and any responses thereto, it is hereby ORDERED and DECREED the Defendant's Motion is **DENIED**.

BY THE COURT:

_____
EDUARDO C. ROBRENO, J.