IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID T. COOPER,                    : CIVIL ACTION
            Plaintiff.              : No. 08-0346
    v.                              :
REGINALD A. ROBERTS, ET AL.,        :
            Defendants.             :
                                    :

OBJECTION TO DEFENDANT POWELL MOTION TO DISMISS

Plaintiff, David T. Cooper, pro-se, hereinafter referred to as Mr. Cooper, submits the following Objection to Defendant Dennis Powell Motion to Dismiss and states as follows:

1. Mr. Cooper has stated a valid 4th Amendment violation claim against Defendant Dennis Powell for unreasonable search under §1983.

2. Plaintiff Mr. Cooper has stated a valid claim against Defendant Powell for the violation of 4th Amendment right in taking property under §1983.

3. Plaintiff Mr. Cooper has stated a valid claim against Defendant Powell for the violation of 4th, 8th and 14th Amendment rights under §1983 for the assault of Plaintiff committed by Defendant Powell, in his Official Capacity.

4. Mr. Cooper states that for reasons set forth more concisely

within the accompanying Memorandum of Law that Defendant Dennis Powell Motion to Dismiss under Federal Rule 12 (b)(6) be dismissed with Prejudice.

Wherefore, Plaintiff David T. Cooper, respectfully asks that Defendant Powell Motion to Dismiss claim's of unreasonable search, due process violations, false arrest and, claims against him in his Official Capacity be denied with prejudice.

RESPECTFULLY SUBMITTED,

*David T Cooper*,

Prepared by

Neighbourhood-Assistance

NON-ATTORNEY

www.neighbourhood-assistance.com

On behalf of Plaintiff,

*David T Cooper*

DAVID T. COOPER.

Date: 6-26-08

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID T. COOPER,                  :    CIVIL ACTION
         Plaintiff.            :    No. 08-0346
v.                                :
REGINALD A. ROBERTS, ET AL.,      :
         Defendants.           :
                                  :

O R D E R

AND NOW, This 26th day of June, 2008, upon consideration of Plaintiff Objection to Defendant Dennis Powell Motion to Dismiss, and all responses thereto, it is hereby **ORDERED** that Defendants Powell Motion to Dismiss claims of unreasonable search, due process, false arrest in his individual and official capacity is **DENIED**.

BY THE COURT:

_____
EDUARDO C. ROBRENO, J.

I _David T Cooper_, do hereby declare that I am the Plaintiff in the foregoing memorandum of Law in Support of denying Defendant Powell Motion to Dismiss. I Certify that I have this day served a true and correct copy of the same upon the below named and in the manner indicated. I further state that the statements made herein are true and correct based upon my knowledge, information, experience and belief in accordance with the provisions under 28 U.S.C. 1746.

(SERVICE BY U.S. MAIL REGULAR CARRIER)

EDUARDO C. ROBRENO, J.
601 MARKET STREET
ROOM 11614
PHILADELPHIA, PA. 19106.

ATTORNEY FOR DEFENDANT
OFFICE OF ATTORNEY GENERAL
21 S. 12th STREET, 3rd FLOOR
PHILADELPHIA, PA. 19107.

CLERK OF COURT
601 MARKET STREET
PHILADELPHIA, PA. 19106.

/s/ _David T Cooper_
HL 9533  1100 Pike St
Huntingdon Pa 16654-1112

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID T. COOPER, | : CIVIL ACTION |
| Plaintiff. | : No. 08-346 |
| v. | : |
| REGINALD A. ROBERTS, ET AL., | : |
| Defendants. | : |
| | : |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF OBJECTION TO DEFENDANT POWELL MOTION TO DISMISS

Plaintiff David T. Cooper, pro-se, hereinafter referred to as Mr. Cooper submits the following Memorandum of Law in support of his Objection to Defendant Powell Motion to Dismiss 4th, 8th and 14th Amendment claims against him in his individual and Official Capacity.

**COUNTER BACKGROUND:**

On February 17, 2005, Mr. Cooper was called by Police Informant Justin Olinger and told that there was an Emergency and he needed to come to his residence, unbeknownst to Mr. Cooper, Defendant's Powell and others had conspired to assault, then falsely arrest and, accuse Mr. Cooper of drug related crimes. Once Mr. Cooper entered the residence of Justin Olinger, Olinger called Mr. Cooper to the Kitchen and showed him a large quantity of drugs and told Mr. Cooper that he wanted him to sell it, Mr. Cooper explained to Justin that he was done with that lifestyle and wasn't getting involved. As Mr. Cooper turned

to leave, Defendant Powell and other Defendant's rushed into the residence and assaulted and assaulted Mr. Cooper by kicking him, punching him, stomping him in the face, head, legs and stomach as he was attempting to lay on the Kitchen floor, Defendant Powell after having Mr. Cooper secured in handcuffs while taking him to the transport vehicle outside of the residence, again assaulted Mr. Cooper causing further physical injury. Defendant Powell then took the house keys from Mr. Cooper and illegally entered the residence he shared with his Fiancee and unlawfully took, stole personal property belonging to both Mr. Cooper and his Fiancee, (State Identification, Watches, Jewelry, Videotapes, Pictures, Antiques and, $2,100.00¢ in cash). On that same date Mr. Cooper was charged with Resisting Arrest, however, that criminal charge was later dropped.

1. **COUNTER ARGUMENT:**

Mr. Cooper seeks to vindicate rights protected by the U.S. Constitutions 4th, 8th and 14th Amendments and subject to the Jurisdiction of this Court under 42 U.S.C. §1983, thus, this Court has subject matter jurisdiction over this Civil Rights Action pursuant to 28 U.S.C. 1331 and 1343 (a)(3) and (4); pursuant to sections 2201 and 2202 this Court has jurisdiction to declare the rights of the Plaintiff and to grant the relief requested, as well as all further relief found to be necessary and proper. Thus, the Defendant's argument under Fed.R.Civ.P. 12(b)(1) must be rejected, as jurisdiction over this action is properly established within this Federal Court.

2. Mr. Cooper has stated claims upon which relief can be

granted, Mr. Cooper claim's under the 4th Amendment guaranteed by the U.S. Constitution likewise Mr. Coopers 8th and 14th Amendment rights are guaranteed by the U.S. Constitution and clearly established at the time of the Defendant's conduct and actions wherein they were violated, Defendant Powell has asked that Mr. Coopers claims be dismissed under Fed.R.Civ.P. 12 (b)(6), the standard of review on a Motion to Dismiss is heavily weighed in favor of the Plaintiff. The Court is required to read a complaint generously, drawing all reasonable inferences from the complaint's allegations, <u>California Motor Transport Co. v. Trucking Unlimited</u>, 404 U.S. 508, 515, 92 S.Ct. 669, (1972), thus, the Defendant's are able to clearly understand the claims being raised and therefore leave no question as to whether a claim has been made against the Defendant. Thus, the Defendant's Motion to Dismiss under (12 (b)(6) must be denied.

3. Mr. Cooper has stated a valid claim of unreasonable search wherein Defendant Powell has violated 4th Amendment rights. The issue of Mr. Cooper being a Parolee does not operate to lessen his fourth Amendment protections in this instant matter, Defendant's actions of taking Mr. Cooper shared residence keys and without probable cause entering into that residence without the owners permission does violate the 4th Amendment rights of Mr. Cooper, the totality of the circumstances revolving within the events does not warrant reasonable suspicion to believe that Mr. Cooper was actually involved in the physical possession of a controlled substance, moreover, the conceded to facts of the events by Defendant's shows clearly that the actions of Defendant

(3)

Powell were not justified as Defendant Powell knew that Mr. Cooper did not bring any narcotics with him to Mr. Olinger's residence, Defendant Powell did know that Justin Olinger called Mr. Cooper and told him to come to his residence under the pretext of it being some emergency, Defendant Powell knew from the video and audio tape of the entire event that Mr. Cooper did not bring any drugs nor was Mr. Cooper willing to participate in the drug activity that Mr. Olinger wanted Mr. Cooper to get involved within, thus, Defendant Powell did not have a justifiable reason to believe that Mr. Cooper was in possession of narcotics so as to justify entry into the residence leased by his Fiancee and because Defendant Powell did not have permission from the lawful occupant of the Residence he did violate Mr. Cooper's 4th Amendment rights by taking the house keys from his pant pocket and enter into the residence without his permission or the lawful leasees permission, this is clearly established by the Fourth Amendment to the United States Constitution and Defendant Powell knew that his conduct did violate the Right of Mr. Cooper. Thomas Jefferson once warned that "the time to guard against corruption and tyranny is before they shall have gotten hold of us. It is better to keep the wolf out of the fold, than to trust to drawing his teeth and talons after he shall have entered." THOMAS JEFFERSON, NOTES ON THE STATE OF VIRGINIA, 121, (William Peden ed. 1955). The Fourth Amendment's requirement that searches be supported by reasonable and particularized suspicion and a warrant is deeply rooted in our history. The historical background of that amendment demonstrates that our Framers'

(4)

were steadfastly committed to the ideal that general warrants and searches conducted in the absence of reasonable and particular suspicion were intolerable in a democratic society. see <u>Henry v. United States</u>, 361 U.S. 98, 100 (1959). In particular the Framers feared blanket searches, whereby law enforcement officials would go door-to-door to conduct searches of every house in an area, regardless of suspicion. They knew that the use of suspicionless blanket searches and seizures for investigatory purposes would subject unlimited numbers of innocent persons to the harassment and ignominy incident to involuntary detention, <u>Davis v. Missippi</u>, 394 U.S. 721, 726 (1969). It is plain that the Fourth Amendment was meant to prevent such wholesale intrusions upon the personal security of our citizenry. It is nor argued that Mr. Cooper was participating in the Commonwealth's Parole Release Program, however, to allow that to justify the conduct of Defendant Powell is to contradict the fact that Mr. Cooper was sufficiently rehabilitated enough to be granted participation by the program facilitators who, in their judgment determined that Mr. Cooper's release would not cause further injury to the States interest in preventing crime and, because Mr. Cooper was not actively involved in any criminal wrongdoing, but was infact leaving from Mr. Olinger after explaining that he wanted nothing to do with the drugs Mr. Olinger had, Defendant Powell cannot justify his conduct on the premise of Mr. Coopers status, therefore, Mr. Cooper has stated a valid fourth amendment violation claim against Defendant Powell upon which relief can be granted, <u>Ferguson v. City of Charlston</u>, 532 U.S. 67 (2001); <u>City of Indianapolis v. Edmond</u>, 531 U.S. 32 (2000), thus, the

(5)

Defendant's arguments must be rejected and this case must continue to proceed to Trial before a Jury, as Defendant Powell is not Mr. Cooper's Parole Agent, nor was he acting under the Authority of Mr. Coopers parole agent, nor some information obtained from Mr. Coopers Parole Agent.

4. The Defendant's argument that Mr. Cooper fails to state a due process claim against Defendant Powell fails to show how Mr. Cooper is not entitled to Relief or that he has failed to state a claim upon which relief can be granted, thus, the argument must fail under the 12(b)(6) defense raised.

5. Mr. Cooper has made out a valid claim of false arrest against Defendant Powell as it was the action of Defendant Powell in conspiring with other Defendant's using Justin Olinger to try and set Mr. Cooper up to be involved in criminal activity that Mr. Cooper did not want to participate in, moreover, the Defendant nor the Defendant Attorney have once denied that the clients they are representing did not fabricate information, documents and records to his Superiors that caused the further deprivation of Mr. Coopers liberty, this claim is not barred under the principles of Heck, 512 U.S. 477, as relief upon this claim does not operate to shorten the sentence being served nor does it operate to undo the Conviction. Thus, this argument as presented by Defendant Powell attorney must fail as it has not relation to the claim of due process violation.

6. Defendant Powell is not entitled to qualified immunity from

(6)

being sued in his Official Capacity nor his individual capacity, the unnecessary and wanton infliction of pain caused by Defendant Powell Assaulting Mr. Cooper does violate clearly protected rights under the U.S. Constitutions 4th, 8th and 14th Amendment, see <u>Whitley v. Albers</u>, 475 U.S. 312, 106 S.Ct. 1078 (1986); <u>Bell v. Wolfish</u>, 441, U.S. 520, 535-539, 99 S.Ct. 1861, 1871-1874 (1979), in <u>Graham</u>, the U.S. Supreme Court directed that when weighing the extent of force used against the need for force, the latter should be examined in light of the "severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the Officers or others, and whether he is <u>actively resisting arrest or attempting to evade arrest by flight</u>", 490 U.S. at 396, 109 S.Ct. 1865, accord <u>Santos v. Gates</u>, 287 F.3d 846, 853-855 (9th Cir.2002), Defendant Powell while acting in his official capacity under colour of State/Federal Laws, is not entitled to qualified immunity from Suit, as he knew that his conduct violated clearly established rights of Mr. Cooper, see <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 817-819, 102 S.Ct. 2727-2738 (1982); <u>Lee v. Washington</u>, 390 U.S. 333, 88 S.Ct. 994 (1968); <u>City of indianaplolis v. Edmond</u>, 531 U.S. 32 (2000), <u>Graham v. Connor</u>, 109 S.Ct. 1865, 1972-1873 (1989). Moreover, Defendant as a Agent for the Pennsylvania Parole Release Program is nothing more than a Counselor who has the privilege of carrying a firearm, however, he does not have the authority to ride roughshod over anyones Rights or to do as he pleases because of his Job title, therefore, he is not entitled to qualified immunity from this action as there is not justification for his conspiring with other Defendant's to try and make Mr. Cooper get involved with

(7)

Defendant never be held in compliance for assaulting any person without a just cause and in this present matter Mr. Cooper was attempting to lay on the Kitchen Floor when he was assaulted by Defendant, then after being securely handcuffed assaulted again by Defendant Powell, therefore, he can not be immune from being sued, thus, the Defendant Motion to Dismiss under Fed.R.Civ.P.12 (b)(6), must fail entirely, and be denied with Prejudice.

Wherefore the reasons as stated above, Mr. Cooper respectfully asks that the Defendant Motion to Dismiss be Denied with Prejudice.

RESPECTFULLY SUBMITTED,

*David T Cooper*

prepared by

Neighbourhood-Assistance

NON-ATTORNEY

www.neighbourhood-assistance.com

on behalf of

David Cooper ,

Plaintiff.

date: 6·26·08

(8)

# CERTIFICATE OF SERVICE

I _David T Cooper_, do hereby declare that I am the Plaintiff in the foregoing memorandum of Law in Support of denying Defendant Powell Motion to Dismiss. I Certify that I have this day served a true and correct copy of the same upon the below named and in the manner indicated. I further state that the statements made herein are true and correct based upon my knowledge, information, experience and belief in accordance with the provisions under 28 U.S.C. 1746.

(SERVICE BY U.S. MAIL REGULAR CARRIER)

EDUARDO C. ROBRENO, J.
601 MARKET STREET
ROOM 11614
PHILADELPHIA, PA. 19106.

ATTORNEY FOR DEFENDANT
OFFICE OF ATTORNEY GENERAL
21 S. 12th STREET, 3rd FLOOR
PHILADELPHIA, PA. 19107.

CLERK OF COURT
601 MARKET STREET
PHILADELPHIA, PA. 19106.

/s/ _David T Cooper_
HL9533  1100 Pike St
Huntingdon Pa 16654-1112