FB

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| David Cooper, Esther Saunders | : | CIVIL ACTION |
| Plaintiffs. | : | No. NO. 08-0346 |
|  | : |  |
| V. | : | FILED |
| Reginald Roberts, Et. Al., | : | AUG 2 6 2008 |
| Defendants. | : | MICHAEL E. KUNZ, Clerk |

## FIRST AMENDED COMPLAINT FOR CLARITY
## PURSUANT TO FED.R.CIV.P. 15 (a)

Plaintiff's David Cooper and Esther Saunders, pro-se, hereby submits this First Amended Complaint for Clarity of the Plaintiff's and claims against the Defendants pursuant to Federal Rule of Civil Procedure 15 (a):

1. PROCEDURAL HISTORY:

Plaintiff's initiated this Civil Action on or after December 28, 2007, as a result of the Defendant's knowing, intentional and willful violation of the Plaintiff's clearly established rights guaranteed under the U.S. Constitution's 4th, 8th and 14th Amendments. On or

after January 27, 2008, this Honorable Court Ordered that Plaintiff Mr. Cooper submit a new Motion to proceed In Forma Pauperis and address the Rule 11 issue of the signature of additional Plaintiff's to this Action. Plaintiff David Cooper and Plaintiff Esther Saunders hereby submits the following First Amended Complaint for clarity.

## STATEMENT OF CLAIM

2. On February 17, 2006, Plaintiff David Cooper, hereinafter referred to as Mr. Cooper was scheduled for a Dental Appointment at 9:00 a.m., at or around 9:45 a.m., Mr. Cooper received a phone call from Karl Dockery whom Mr. Cooper discussed his plans for the day with, shortly thereafter Mr. Cooper received another phone call from Justin E. Olinger who is friends with Mr. Coopers brother Gilbert Butts, Justin spoke briefly with Mr. Cooper explaining that he needed Mr. Cooper to stop past his home because he had something very important to discuss with him. Once Mr. Cooper arrived at Justin E. Olinger's residence he was told to come into the kitchen wherein Justin E. Olinger revealed a very large quantity of Drugs and told Mr. Cooper that he wanted him to sell them for him, Mr. Cooper flat out refused and explained that he had just gotten out and was not trying to go back for anything and immediately proceeded to leave Mr. Justin E. Olinger's residence, how-

(2)

ever, as Mr. Cooper was approaching the door it flew open and Defendant's Reginald Roberts, Sgt. Havrilak, Corporal Grimm, Officer Hatfield and Parole Agent Dennis Powell rushed in and with weapons drawn forced Mr. Cooper into the kitchen and pounced upon him taking him to the kitchen floor, these Defendant's began to assault Mr. Cooper by kicking and stomping on him while he was on the floor stricking him in the face head body and legs with their boots and hands for a period of time between 3 and 5 minutes before placing handcuffs onto Mr. Cooper and taking him out of Justin E. Olinger residence. Once outside being escorted by Parole Agent Dennis Powell he was again assaulted by this Parole Agent who went inside of Mr. Cooper's Pocket and took his House keys and threw him into the back of the Police car. Mr. Cooper was transported to the Pottstown Police precinct and placed into a cell briefly, Mr. Cooper complained to other Police Officers and a Police Captain named Ewening who observed Mr. Cooper bloodied and limping and having a hard time breathing, Mr. Cooper showed the Captain that he was coughing up blood who inturn told other Police Officer to take Mr. Cooper to the Hospital and treated him for the visible injury seen. Once at the Hospital Mr. Cooper was treated for head face abdominal injuries he received from being assaulted by the Defendant's and was given a wrap for broken ribs, Mr. Cooper was given medication for the pain and a follow-up care plan and released back to Police custody and transported back to the Pottstown Police Precinct. Once there

Mr. Cooper was placed into a interrogation room . Unbeknownst to Mr. Cooper the Defendant's Agent Dennis Powell and five unknown Parole Agents had unlawfully and without probable cause or permission entered into the Residence of Plaintiff Esther Saunders who Mr. Cooper was residing with, the Defendant's while inside of Esther Saunders residence ransacked and destroyed personal property of hers and stole Jewlery and other valuables, Defendant Dennis Powell found a safe and called back to the Police Station wherein Mr. Cooper was still inside of the interrogation room being threatened by Defendant's and spoke to Defendant Sgt. Havrilak about the safe wherein Defendant Powell told Defendant Havrilak to ask Mr. Cooper what was inside of the safe, wherein Mr. Cooper explained that it contained money he and his fiancee Plaintiff Esther Saunders had been saving, Defendant Powell told Defendant Havrilak to ask Mr. Cooper where his fiancee was at and Mr. Cooper explained that she was at work and gave the number to contact her. Agent Powell called Mr. Cooper's fiancee at her place of work and told her she needed to come home and told her that he was inside of it and that Mr. Cooper had been taken into custody. Plaintiff Esther Saunders immediately left work and arrived at her home to find it ransacked and full of Parole Agents, none of which were given permission to enter the residence. Plaintiff Esther Saunders asked Parole agent Powell why he was inside of her residence and how he had gotten into her

residence and why all of the other Parole Agents were inside
of her home without having her permission or being accompan-
ied by Parole Agent Benzavago who Plaintiff David Cooper is
assigned to and with whom she had made the Parole Residence
agreement with, Defendant Parole Agent Powell became visibly
angry and agressively responded to Plaintiff Esther Saunders
that he can do what he likes and could very easily make
things alot harder for her and her children, Defendant
Dennis Powell then continued to take numerous personal
items that belonged to Plaintiff Esther Saunders, (a Marble
Antique Stick, Video Tapes, Pictures, two state I.D.'s, and
$ 2,100.00¢ from the safe) and about 20 other items, the
Defendant's Parole Agent Dennis Powell and others knowingly,
intentionally and willfully violated Clearly established
constitutionally protected rights of Esther Saunders, her
4th Amendment right to be protected from illegal searches
and seizures, 8th Amendment right to be protected from
cruel and unusual punishments and 14th Amendment Proced-
ural due process right and Equal Protection rights, and
left her in a state of fearfulness caused by the Defend-
ants illegal and unlawful entry into her residence and
theft of her personal property and making of threats to
do some type of harm to her and her children. Meanwhile
Mr. Cooper was still at the Police Station during this
incident being questioned by Defendant's Havrilak, Roberts
Grimm and Hatfield. After the arrival of Defendant Parole

Agent Dennis Powell, Plaintiff David Cooper was told that he has got him now-remember what I told you when you first got out and came to the District Office. Later while still at the Police Station Mr. Cooper was given a list of Fabricated criminal charges, including resisting arrest wherein the Police Officers that had assaulted Mr. Cooper was trying to cover up their assault by saying that he had resisted arrest, however, this criminal charge was later dropped. Plaintiff, Mr. Cooper states that the actions of the Defendants as named in this Civil Action have violated clearly established rights to which he is entitled, namely the Defendant's did knowingly, intentionally and willfully violate Mr. Cooper's right to be free from illegal search and seizures under the U.S. Constitutions 4th Amendment, his right to be protected from cruel and unusual punishments under the 8th Amendment and, his right to have procedural due process and Equal protection of the Laws of the United States and the State wherein he resides under the 14th Amendment of the U.S. Constitution.

## RELIEF

3. Plaintiff's seek to have a JURY TRIAL;

(a) Plaintiff's seek a Preliminary Injunction against the Defendants to stop them from any further actions against the Plaintiff's

(b) Plaintiff's seek the return of personal property stolen from the residence of Esther Saunders, including the $2,100 dollars

(6)

(c) Plaintiff's seek $ 600, 000.00¢ from each Defendant found to have knowingly, intentionally and willfully violated 4th Amendment Rights

(d) Plaintiff's seek $ 500, 000.00¢ from each Defendant found to have knowingly, intentionally and willfully violated 8th Amendment Rights

(e) Plaintiff's seek $ 500, 000.00¢ from each Defendant found to have knowingly, intentionally and willfully violated 14th Amendment Rights

(f) Plaintiff David Cooper seeks $ 1,000,000.00¢ from each Defendant found to have physically assaulted Plaintiff

(g) Plaintiff Esther Saunders seeks $ 500,000.00¢ from each Defendant found to have caused her emotional stress and duress and threatened to cause her harm in life, children & Fiancee David Cooper

(h) Plaintiff's seek anyother relief deemed just and proper by this Court . Each Defendant's are being sued in their Individual and Official Capacity.

RESPECTFULLY SUBMITTED

_David Cooper_  
PLAINTIFF

_Esther Saunders_  
PLAINTIFF

(7)

DATE:

## CERTIFICATE OF SERVICE

I ESTHER SAUNDERS, DO HEREBY DECLARE THAT I AM THE PLAINTIFF IN THE FOREGOING FIRST AMENDED COMPLAINT. I CERTIFY THAT I HAVE THIS DAY SERVED A TRUE AND CORRECT COPY OF THE SAME UPON THE BELOW NAMED AND IN THE MANNER INDICATED BELOW, I STATE THAT THE STATEMENTS MADE HEREIN ARE TRUE AND CORRECT BASED UPON MY KNOWLEDGE, INFORMATION AND BELIEFS IN ACCORDANCE WITH 28 U.S.C. 1746.

SERVICE BY U.S. MAIL REGULAR CARRIER

District Court Judge, EDUARDO C. Robreno
Office of the CLERK, U.S DISTRICT COURT
PHILADELPHIA, PA 19106-1797

DATE: /S/ Esther Saunders 2/19/08
213 E High St Apt #3
Pottstown Pa 19464
(610) # 970-1294