IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DAVID T. COOPER                    :NO:  08-346

    vs.                            :

OFFICER RAYMOND J. HAVRILAK        :
CORPORAL GRIMM AND OFFICER
HATFIELD                          :


**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS GRIMM,
HAVRILAK AND HATFIELD TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants, Grimm, Havrilak and Hatfield's ("Answering defendants") by and

through their counsel, David P. Karamessinis, Esquire of William J. Ferren & Associates

provide their Answer to plaintiff's Amended Complaint and avers as follows:

<u>**Preliminary Statement**</u>

Since plaintiff's complaint is not broken down into paragraphs but contains only

three paragraphs making collected allegations against all defendants, it violates Rule 10

of the Federal Rules of Civil Procedure.  Nevertheless, answering defendants will attempt

to fashion an answer in any event.

1.      The allegations contained in this paragraph of the Amended

Complaint constitute conclusions of law to which no responsive pleading is required and

they are therefore deemed denied.

2.      Paragraph 2 is a narrative of events which spans five pages and consists of

dozens of sentences uninterrupted by even the occasional comma or paragraph.  Such

allegations are generally denied.  By way of further answer:

a)      On February 17, 2006 plaintiff was on parole under the supervision of the

Pennsylvania Board of probation and parole.

b)    On February 17, 2006 plaintiff met a confidential informant at 985 Warren Street in Pottstown Pennsylvania.

c)    The apartment was under audio and visual surveillance.

d)    Plaintiff entered the apartment and revealed a substantial amount of cocaine that was in his possession.

e)    Law enforcement officers entered the apartment and attempted to arrest the plaintiff. Hatfield was not among the officers

f)    Plaintiff refused verbal commands and physically resisted attempts to handcuff him.

g)    After a struggle, officers were able to handcuff plaintiff and remove him from the premises.

h)    It is specifically denied that any of the answering defendants pounced upon plaintiff in taking him to the kitchen floor, attacked him by kicking or stomping on him with their boots or hands for any period of time.

i)    It is specifically denied that any Pottstown police Captain observed plaintiff coughing up blood or observed plaintiff in the condition set forth in this paragraph.

j)    It is denied that plaintiff was initially taken to Pottstown Police Department. Defendants are without knowledge as to when or if Mr. Cooper was taken to the hospital and treated.

k)    Defendants are without knowledge or information sufficient to form a belief as to the truth of any allegations concerning what happened at the residence of Esther Saunders.

l)      It is admitted that once the safe was brought to the Pottstown police department, it was opened but denied that it was opened by Detective Havrilak.

m)      Plaintiff was thereafter charged with various narcotics offenses and resisting arrest.  As part of his plea deal he pled guilty to one or more of the narcotics offenses.

n)      In October 2006 plaintiff was sentenced to 7 1/2 to 15 years incarceration and the remaining charges arising out of the day in question were then *nolle prossed*.

3.      The allegations contained in this paragraph of the Amended Complaint constitute conclusions of law to which no responsive pleading is required, and they are therefore deemed denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of harm by his own conduct.

### THIRD AFFIRMATIVE DEFENSE

Any injury or damage sustained by plaintiff was a direct and proximate result of plaintiff's conduct.

### FOURTH AFFIRMATIVE DEFENSE

Neither, an act, or failure to act on the part of answering defendants, violated any of plaintiff's constitutional rights.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, or otherwise subject to reduction by the doctrines of res judicata and/or collateral estoppel.

## SIXTH AFFIRMATIVE DEFENSE

At all times material hereto, plaintiff was afforded all of the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the Commonwealth of Pennsylvania.

## SEVENTH AFFIRMATIVE DEFENSE

At no time material hereto did answering defendants, act in bad faith or in an unreasonable, extreme, willful, wanton, outlandish, outrageous and/or malicious manner.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injury or damages as a result of any act or omission by answering defendants.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims as against answering defendants for punitive damages are limited and/or barred by the applicable state constitution and the United States Constitution and by the laws of the United States and the Commonwealth of Pennsylvania.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations, and the Pennsylvania Municipal Subdivision Tort Claims Act.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity for all actions taken in connection with the incident set forth in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

The actions and conduct of the defendants, to the extent that it occurred as alleged, were objectively reasonable under the circumstances of which defendants were then and there aware, and they enjoy qualified immunity from all liability therefore.

WHEREFORE, answering defendants, respectfully request that this Court enter judgment in their favor and against plaintiff, together with costs permitted under 42 U.S.C. §1988, disbursements, attorney's fees and any further relief deemed appropriate by the Court.

WILLIAM J. FERREN & ASSOCIATES

BY:     /s/David P. Karamessinis, Esquire
        David P. Karamessinis, Esquire
        ID#:  50836
        Attorney for Defendants, Officer
        Havrilak, et al.
        1500 Market Street, Suite 2920
        Philadelphia, PA  19102
        267-675-3028

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DAVID T. COOPER                    :NO:  08-346

     vs.                              :

OFFICER RAYMOND J. HAVRILAK        :
CORPORAL GRIMM AND OFFICER
HATFIELD                          :


## CERTIFICATE OF SERVICE

I, David P. Karamessinis, Esquire of William J. Ferren & Associates do hereby certify that the within answer of defendants' Answer to Plaintiff's Amended Complaint was filed electronically with the Court and copies were sent via e-mail and/or regular mail on November 4, 2008.

WILLIAM J. FERREN & ASSOCIATES

BY:    /s/David P. Karamessinis, Esquire
       David P. Karamessinis, Esquire
       ID#:  50836
       Attorney for Defendants, Officer Havrilak,
       et al.
       1500 Market Street, Suite 2920
       Philadelphia, PA  19102
       267-675-3028

**Signature line for me and an affidavit for Havrilak, Grimm and Hatfield and send it to them to review.**