IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID T. COOPER** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **REGINALD A. ROBERTS, et al** | : | **NO. 08-0346** |

**ORDER**

AND NOW, this 30th day of December, 2008, upon consideration of Plaintiff, David T. Cooper's, Motion for Appointment of Counsel, it is hereby **ORDERED** that Plaintiff's Motion is **DENIED** without prejudice.[1] Plaintiff shall have thirty (30) days from the date of this Order to file a responsive pleading to Defendants' Answers.

                **BY THE COURT:**

                **/s/ Mitchell S. Goldberg**

                **Mitchell S. Goldberg, J.**

---

[1] A District Court may, in its discretion, appoint counsel pursuant to 28 U.S.C. § 1915(e)(1), but there is no constitutional or statutory right thereto. Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). First, a court must consider whether the plaintiff's claim has some merit in fact and law. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). After determining that the claim has merit, a court should consider a number of additional factors, including: (1) the plaintiff's ability to present their case, taking into account education, literacy, prior work experience, and prior litigation experience, (2) the complexity of the legal issues, (3) the degree to which a factual investigation will be required and the plaintiff's ability to conduct such an investigation, (4) the extent to which the case will turn on credibility determinations, (5) the necessity of expert witnesses, and (6) the plaintiff's ability to obtain private counsel. Id. at 156-157.

Because Judge Robreno previously granted Plaintiff's motion for *in forma pauperis* status, we conclude that Plaintiff's claims, as alleged, are not frivolous or malicious. See 28 U.S.C. § 1915(e)(2)(B). Beyond that however, we are unable to determine the merits of the claim, as Plaintiff has not provided this Court with anything more than the allegations in the Complaint, which have been directly refuted by the Defendants' Answers. Thus, considering the factors enumerated above, we find that: Despite Plaintiff's claim that he is not "versed in law" and not educated or skilled, he has shown a sufficient level of knowledge of the law to allege causes of action against the Defendants and survive a Motion to Dismiss; the legal issues in this case are not complex; the required factual investigation is not overly extensive, as Plaintiff has claimed the need of an attorney only to help him obtain his medical file and determine each Defendants' involvement; and the need for expert witnesses is undetermined at this time. These factors weigh against the appointment at this time, especially considering the Third Circuit's acknowledgment that the supply of competent, pro bono attorneys cannot meet the number of prisoner civil rights actions filed annually. Tabron, 6 F.3d at 157. In any event, counsel may subsequently be appointed at any point in the future should the circumstances change. Id. at 156.