IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RECEIVED
JAN 2 2009

DAVID T. COOPER
                    Plaintiff

FILED
JAN - 2 2009
MICHAEL E. KUNZ, Clerk
By_____ :Dep. Clerk

                              CIVIL ACTION

        v.                    No. # 08-346

OFFICER RAYMOND J. HAVRILAK
CORPORAL GRIMM & OFFICER HATFIELD;
et al.,


PLAINTIFF'S RESPONSE IN OPPOSITION TO
THE DEFENDANTS MOTION FOR PARTIAL SUMMARY JUDGMENT


NOW COMES Plaintiff in the above caption matter who hereby responds and opposes the Defendants Raymond J. Havrilak; Corporal Grimm and Officer Hatfield; Motion for Pretrial Summary Judgment.
       The factual and legal grounds for this response and opposition are set forth in the accompanying Brief in support of the above. Which is incorporated herein by reference as if set in full. Accordingly, Plaintiff respectfully request that the Defendants Motion for Pretrial Summary Judgment be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# FILED

JAN 02 2009

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

DAVID T. COOPER
        Plaintiff

        v.

OFFICER RAYMOND J. HAVRILAK
CORPORAL GRIMM & OFFICER HATFIELD;
et al.,

                    :
                    :
                    :        CIVIL ACTION
                    :
                    :        No. #08-346
                    :
                    :
                    :
                    :
                    :

## PLAINTIFF'S BRIEF IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO THE DEFENDANTS MOTION FOR PARTIAL SUMMARY JUDGMENT

### I. PROCEDURAL HISTORY

Now before the Honorable court is a 1983 filed by the Plaintiff in accordance with 42 U.S.C. §1983 suing Montgomery County Detective, Reginald Roberts. Three Pottstown Borough Police Officers and Pennsylvania Parole Agent Dennis Powell for violations of his constitutional rights.

Said violations arose out of Plaintiff's February 17, 2006 arrest on alleged drug charges. As a result of this arrest Plaintiff was beaten and abused, which mount to excessive force, illegally searched and seized his property and person. The fabricated charges, bring about the conduct of the defendants which violated Plaintiff's constitutional rights, to be free from illegal Search and Seizures under the 4th Amendment; 8th Amendment and due process and Equal Protection. Under the Laws of this Commonwealth and the United States Constitution.

## II. LEGAL ARGUMENT
### A. SUMMARY JUDGMENT STANDARD

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogators, and admissions on file together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."

The requirement of a "genuine issue of fact means that the evidence is such that a reasonably jury could return a verdict for the nonmoving party. Essentially, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law."

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be met by showing that there is a lack of evidence to support the nonmoving party's case. Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial.

A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."

Therefore, the mere existence of some alleged claim that there is no dispute between the parties will not defeat Plaintiff. The Court must consider the record in the light most favorable to the none moving party.

Plaintiff respectfully and Humbly ask that The Honorable Court also be mindful that Plaintiff is a pro-se litigant in this case, and has a motion pending before the Court for appointment of counsel. A pro-se litigant's pleadings are to be liberally construed and are held to less stringent standards. This rule requires the Court to look beyond a failure to cite proper legal authority, confusion of legal theories;

2

and poor syntax or sentence construction.

## III. INTRODUCTION

B.   Plaintiff's cause of action against the Defendants for Fourteenth Amendment, Fourth Amendment, and Eighth Amendment claims should stand as a matter of law.

1. Defendants' Motion for Pre-trial Summary Judgment alleges objections based on lack of specificity in the complaint and various objections to the merits of Plaintiff's cause of action. Defendants Motion for Summary Judgment must be denied in its entirety, for the following reasons:

1) Cooper sufficiently raised issues that is genuine which is a factual dispute. 2) At all times, all Defendants' were acting under color of State Law. 3) At all relevant times, the actions taken by all Defendants deprived Plaintiff of his constitutional and statutory rights. 4) Plaintiff did not engage in any conduct which in any way justified the Defendants actions towards Plaintiff family and property. 5) As a direct and proximate result of the actions of all the Defendants, Plaintiff suffered and continue to suffer pain and emotional distress, some or all of which may be permanent, as well as financial losses.
6) Whether Defendants had knowledge of there conduct was wrong and/or was a norm acting within the scope of their employment is a question of fact, thereby precluding dismissal of Plaintiff's claims; and 7) Whether Plaintiff can recover for Defendants' conduct as alleged in the Amended Complaint cannot be decided at this stage of the proceedings.

2. On page 3 of 6 B. The Defendants allege that Plaintiff was convicted of the underlying charges, and that challenge Plaintiff could not challenge the Search or Seizure; meaning that they could do anything that they wanted to do, such as violate the constitution which Plaintiff perceive as not being afforded any rights at all.

ARGUMENT:

C.   Federal Civil Rights Violations:
Accordingly The Defendants Defense under this claim fails.

3. Plaintiff Subjectively Presents that as a direct and proximate result of all Defendants' conduct, committed under color of State Law, all Defendants' deprived Plaintiff of his right to be free from an unlawful detention, arrest and malicious prosecution, to be secure in his person and property and to due process and equal protection of law. As a result Plaintiff David T. Cooper continues to suffer harm, in violation of his rights under the laws and Constitution of The United States, in particular the First, Fourth and Fourteenth Amendments thereof and 42 U.S.C. 1983.

4. As a direct and proximate result of the actions and omissions of all Defendants, Plaintiff sustained and emotional Stress, financial losses, all to his detriment and loss.

5. Defendants Police Officers, Parole Officers has encouraged, tolerated, ratified and has been deliberately indifferent to a pattern, practice and custom of:
a. Unlawful arrest, detention and malicious prosecution by Parole Officers and Parole Agents;
b. Unlawful seizures by Police Officers a Parole Agents;
c. Failure of police officers and parole agents to follow establish polices, procedures. That of which the Defendants refuse to produce in Plaintiff's request for discovery.

6. The Defendants' all of them has been indifferent to the need for more of different training, supervision, investigation or discipline in the areas of:
a. The proper exercise of police and parole powers, including arrest, and going into homes of citizens and parolees.
b. Police officer's use of their status as police officer's and parole officers, to employ the use of force malicious prosecution, or to achieve ends not reasonably related to their duties;

4

By these actions, Defendants' have deprived Plaintiff rights secured by the First. Fourth and Fourteenth Amendment to The United States Constitution in violation of 42 U.S.C.

7. On page 4 of 6 The Defendants also contends that Plaintiff Eighth and Fourteenth Amendment claims should be dismissed.

This argument fails, the Defendants attempt to have the Court look beyond the factual dispute should be rejected. Plaintiff has Objectively with sufficiently stated a cause of action in accordance with the 8th and 14th Amendments.

D. Cooper's § 1983 Claim Plead with Sufficient Specificity against all Defendants.

8. There are two essential elements to a §1983 action: (1) whether the conduct complained of was committed under state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the constitution or laws of the United States. Kost v. Kozakiewicz, 1 F.3d 176, 184 (3rd Cir. 1993)(citation omitted). In order to be held liable under §1983, a defendant such as the ones before the Court, must have personal involvement in the alleged wrong. Robinson v. City of Pittsburg, 120 F.3d 1286, 1294 (3rd Cir. 1997). With respect to supervisory liability, the requirement of "actual knowledge and acquiescence" suffices because it can be equated with "personal direction" and "direct discrimination by the supervisor." Where a supervisor with authority over a subordinate knows that the subordinate is violating someone's rights but fails to stop the subordinate, an inference that the supervisor "acquiesced" in the conduct.

9. Plaintiff alleges that the Defendants violated the 14th and 8th Amendment as a result of their conduct. To beat a person down and Break ones Ribs is Evidence to Support Damages of the Unreasonable Force. The Broken Ribs and the Hospital records is sufficient proof of compensable injury (Atkins v. New York City, 143 F.3d 100 (2nd Cir 1998).

10. When the Defendants are asked why was the Plaintiff beaten to the point that his Ribs was broken, the Defendants can't answer, Plaintiff was not charged with resisting arrest the question still remain Why. The Defendants intentionally used excessive force in arresinting Plaintiff. Which is a 8th Amendment violation and is a genuine issue in dispute, that cannot be resolved at this stage of the proceedings. As a matter of law the Defendants is not entitled to pretrial Summary Judgment.

11. The Defendants also argue that Plaintiff Fourteenth Amendment claim arising out to the 8th Amendment claim should be dismissed.

Defendants conduct is clearly actionable under §1983 and Plaintiff has stated a claim under the 4th and 14th Amendment Accordingly, Defendants objections based on lack of specificity must fail.

12. Plaintiff has a right to Equal Protection. Plaintiff asserts a "class of One" because the Defendants in this case was acting under color of State Law, and that they intentionally treated Plaintiff differently from others similarly situated. There was no rational basis for beating Plaintiff and destroying his home and property and claiming it for there own. The Defendants decision to take and/or destroy Plaintiff's property was motivated by animus. U.S.C.A.Const.Amend. 14.

13. Those attacking the rationality of statutory classification on equal protection grounds have the burden of negating every conceivable basis which they claim not to be a violation.

D.
EQUAL PROTECTION "CLASS of ONE"
ARGUMENT
14. Plaintiff's equal protection allegation is based on a "class of one" theory which allows a Plaintiff such as Plaintiff, who does not allege discrimination on the bases of membership in a protected class to pursue an equal protection claim. The United States Supreme Court has recognized that the Equal Protection Clause of the Fourteenth Amendment grants every person protection from "intentional and arbitrary discrimination" by sate agents.

The beating of Plaintiff and the taking of his property was not related to any legitimate government purpose, the Defendants have no sufficient facts to support the above contention as alleged in their summary judgment.

WHEREFORE, Plaintiff respectfully request that the Defendants Pretrial Motion for Summary Judgment be denied and this matter bound over for trial for the disputed issues. And for this he shall ever pray.

Respectfully submitted:

Dated: _12-26-08_

7

PROOF OF SERVICE

I, do hereby verify that a true and correct copy has been served upon the person(s) listed below said service was made by first class U.S. Mail.

**FILED**

JAN 0 2 2009

MICHAEL E. KUNZ, Clerk

By_____Dep. Clerk

David P. Karamessinis, Esq.
1500 Market Street, Suite 3920
Philadelphia, Pennsylvania 19102

Respectfully submitted:

David Cooper

Plaintiff

Dated: 12-26-08

3