IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID T. COOPER
    Plaintiff

v.

REGINALD A. ROBERTS, et al.,
    Defendants

CIVIL ACTION
No. 08-CV-346

RECEIVED
MAR 13 2009

ORDER

AND NOW this ___ day of _____ 2009. Upon Consideration of Plaintiff's response in opposition of the Defendants' Motion for Pretrial Summary Judgment. The Defendants Motion is DENIED.

_____
JUDGE

BY THE COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID T. COOPER<br>Plaintiff | CIVIL ACTION LAW |
| v. | No. 08-CV-346 |
| REGINALD A. ROBERTS, et al.,<br>Defendants | |

PLAINTIFF'S RESPONSE IN OPPOSITION
TO THE DEFENDANTS MOTION FOR SUMMARY JUDGMENT

AND NOW COMES Plaintiff in the above caption matter Who Hereby responds to and opposes Defendant Powell's summary judgment Motion to dismiss Plaintiff's Complaint.

The factual and legal grounds for this response and opposition are set forth in the accompanying Brief which is incorporated herein by reference as if set in full. Accordingly, Plaintiff respectfully request


that the Court enter Plaintiff's proposed form of Order which denies Defendants' Motion in its entirety.

2·27·09

Respectfully submitted:

_____
David T Coop
PLAINTIFF

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID T. COOPER : 
    Plaintiff : CIVIL ACTION LAW
:
v. : No. # 08-CV-346
:
REGINALD A. ROBERTS, et al., :
    Defendants :

PLAINTIFF'S BRIEF IN SUPPORT OF HIS RESPONSE IN OPPOSITION
TO THE DEFENDANT POWELL'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, David T. Cooper, hereby responds to and opposes Defendant Powell (hereinafter and unknown Agents'.) Motion for Summary Judgment to dismiss Plaintiff's Complaint and respectfully request that The Honorable Court deny Defendant Motion in it entirety.

I. INTRODUCTION
Plaintiff's claims against the Parole defendants concerns Fourth Amendment violation; excessive force, eighth amendment, applying wrong procedures.
Additionally, Plaintiff asserts a state law claims based on the Defendants' conduct. Defendants' Motion for Summary Judgment raises an Eleventh Amendment immunity defense, and various objections to Plaintiff issues in dispute and to the merits of Plaintiff's cause of action.

Defendants motion should be denied, for the following reasons:
1) Plaintiff has stated a claim in all counts of his complaint;
2) whether defendants had knowledge of Plaintiff injury and/or were acting within the scope of their employment is a question of fact, thereby precluding dismissal of Plaintiff's claims; and 3) there is issues in dispute and whether Plaintiff can recover for Defendants conduct as alleged in the complaint cannot be decided at this stage of the proceedings.

## II. STATEMENT OF DISPUTED FACTS

On February 17, 2006. Plaintiff was set-up by a friend who ask the Plaintiff if he would sale some drugs for him, as a result of this meeting Plaintiff was arrested during this time Plaintiff was jumped and beaten by the Defendants, his property was taken and/or destroyed, Plaintiff Wife to be property was also destroyed and taken from the property. Plaintiff's Wife to be was a co-plaintiff in the action but was dismissed because She used the wrong forms, since that Time She has re-submitted her complaint, which the court ordered that it be submitted under the above docket number, and is waiting to see if Her claim will be reinstated.

Even though Ms. Saunders signed a written agreement to be Plaintiff's home provider, She did not agree to have anyone break into Her home and take her and the Plaintiff's property from the home and destroy their property, and not to cause the Plaintiff harm.

2

## III. JURISDICTION

The Court exercises jurisdiction over this dispute pursuant to its federal question jurisdiction, 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1367. Pennsylvania law applies to those claims considered pursuant to supplemental jurisdiction. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed2d 218 (1966) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The Defendants violated Plaintiff's rights under the Fourth Fourteenth, Eighth Amendments to the United States Constitution and other relief pursuant to 42 U.S.C. §1983.

Section 1983 provides, in relevant Part:
  Every Person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Plaintiff's Cause of action and right of action have the same meaning. Alpha Claude Neon Corporation v. Pennsylvania Distilling Company, Inc. 325 Pa. 140, 188 A. 125 (1936). In the case of a Tort, the cause of right of action is the negligent act or acts which occasioned the injury. Smith v. Fenner, 399 Pa. 633, 641 n.2, 161 A.2d 150, 154 n.3 (1960).

Article I, Section 9 provides pertinently that no one can "be deprived of his lief, liberty or property, unless by the judgment of his peers or the law of the land.

3

ARGUMENT

## IV. STANDARD OF REVIEW

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any show that there is no genuine issue as to any material fact and that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n. 4 (3rd.Cir.1997) (citing FED. R. Civ. P. 56(c). "This standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir.1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248, 106 S.Ct. 106 S.Ct. 2505 (1986). A fact is material when it might affect the outcome of suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible

4

evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 1317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## V. FOURTH AMENDMENT

In the Defendant's summary judgment he contends that as a matter of law, Plaintiff's cannot establish a Fourth Amendment violation

ARGUMENT
---

The Commencement of this issue in dispute derives from the Defendant actions, causing process to issue without justification and the abuse of power, which led to the misuse and misapplying rules and laws to justify said actions against the Plaintiff.

The essential purpose of the Forth Amendment is to impose a standard of reasonableness" upon law enforcement agents and other government officials such as the defendants'. See - United States v. Martinez-Fuerte, 428 U.S. 543, 554 (1976)(Forth Amendment which "imposes limits on search-and-seizure powers in order to prevent arbitrary and oppressive interference by enforcement officials with the privacy and personal security of individuals against arbitrary invasions by government officials").

The Defendants argue that Plaintiff have lesser rights because of a need to monitor Plaintiff behavior. For the Defendant to break in the Plaintiff's home other than where the Plaintiff sleep is questionable, just because the Plaintiff

5

was on parole did not give the defendant a right to destroy and take the Plaintiff property. The Defendant reasoning do not justify their actions for subjection a legitimate expectation as to why they had to take property and destroy others property throughout the house. It is not fair that the defendant be allowed to ride roughshod over Plaintiff's property right with impunity.

Under the Fourth Amendment, the defendant's state of mind is not important, and Plaintiff need not show that defendant acted with malicious intent. The question is "whether the defendant Powell actions was objectively reasonable" in light of the disputed facts and circumstances confronting them, without regard to their underlying intent or motivation.

## VI. FOURTEENTH AMENDMENT

As a direct proximate result of the actions of all the defendants Plaintiff has also suffered a 14th Amendment violation Plaintiff has been subjected to a "orchestrated campaign of official harassment by Powell which was motivated by sheer malice. As a matter of fact this defendant conduct and unprofessionalism malice and bad faith has happen many times before, Plaintiff ask questions in his discovery that is relevant to Plaintiff's claims, because it would show a "PATTERN AND HISTORY" of doing the same or similar things, when Plaintiff requested this information he was denied. For example here is an affidavit by Gmeie Rome who has been subjected to the defendant malice and bad faith conduct.

6

ARGUMENT

Plaintiff has established a violation of substantive due process.

Plaintiff's claim for relief addresses the violation of his due process rights and that the defendants' actions constitute the arbitrary exercise of official power and cannot be said to be neither frivolous nor without rational relationship to valid penal concerns.

Independent of any procedural due process claim, a due process claim may lie where a governmental conduct is arbitrary or constitutionally impermissible fashion." See Jubilee v. Horn, 975 F. Supp. 761, 765 (E.D.Pa.1997), aff'd mem. 151 F.3d 1025 (3rdCir.1998). As noted by the Defendants, the applicable standard whether the conduct at issue is sufficiently severe to shock the conscience." In the adjudicatory context of actions where decisions are made "in the heat of the moment", conduct that "shocks the conscience" is that which constitutes "the arbitrary exercise of official power." Carter v. Kane, 938 F.Supp. 282, 285 (E.D.Pa.1996). Conduct is not arbitrary when it is "neither frivolous nor without rational relationship to valid penal concerns." Beckley v. Miner, 125 Fed.Appx. 385, 389 (3d Cir.2005).

The conduct of the defendants with respect to the destruction and the taking of Plaintiff's property and lack of proceedings has met the threshold necessary to state a valid due process claim.

7

## VII. EIGHTH AMENDMENT

The Defendant contend that Plaintiff cannot establish an Eighth Amendment claim against the Defendant Powell. Plaintiff states for record that the Defendant Powell acted in concert with the other defendants supporting the tortious acts, with the knowledge that such conduct breach his duty, with this knowledge he still gave substantial assistance and encouragement, in the allege breaking of the Plaintiff's Ribs, and kicking Plaintiff as he lie on the floor. Courts has recognized concerted tortious conduct as a viable cause of action" in Koken v. Steinberg, 825 A.2d 723, 731 (Pa.Cmwlth.2003).

ARGUMENT

At the time of the incident there was a sufficiently culpable state of mind on the part of the defendant Powell who were indifferent to Plaintiff's safety and well being. It could be found that the defendant did indeed have a culpable state of mind, because he participated directly in the allege assault and/or beating. The Courts have held that an Eighth Amendment claim may be established by proof that inmate was subjected to negative conditions. In Corselli v. Coughlin, 842 F.2d 23, 27 (2d Cir.1988), for example, a Court reversed the grant of summary judgment in favor of defendants where there was evidence that the Plaintiff had been deliberately exposed to bitter cold.

For the purposes of the constitutional analysis required in civil actions under U.S.C.A. §1983. concerning 8th Amendment violations and excessive force:

8

Parrish v. Johnson, 800 F.2d 600, 605 (6th Cir. 1986)(verbal threats and waving a knife violated the Eighth Amendment damages awarded).

## VIII. EXCESSIVE FORCE

The Defendant Powell contends that Plaintiff claim of excessive force is insufficient.

ARGUMENT

In determining whether force used against Plaintiff was unconstitutional The Honorable court may have to apply the four factors first spelled out in the famous case of Johnson c. Click, 481 F.2d 1028, 1033 (2d Cir.) 414 U.S. 1033 (1973). Some cases have continued to apply some version of this standard to use of force against a person such as the Plaintiff. White v. Roper, 901 F.2d 1501, 1507 (9th Cir. 1990); United States v. Copp, 905 F.2d 784, 787 (4th Cir. 1990.

Plaintiff further aver that the defendant Powell assistance was a factor of the Plaintiff's injury see attached medical report of the Plaintiff's injury, entered for the record as Exhibit B.

## IX. ELEVENTH AMENDMENT

ARGUMENT

The Defendant Powell contends that the Eleventh Amendment bars Plaintiff's claims against the defendant Powell.

This Court has proper subject matter jurisdiction over the Defendants because Plaintiff seeks money damages from the defendants in their individual capacities only.

PLAINTIFF'S CLAIMS AGAINST THE DEFENDANTS ARE NOT BARRED BY THE ELEVENTH AMENDMENT

The Eleventh Amendment provides, "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state." The Amendment has long been interpreted to prohibit suits in federal court against a state by the defendant state's own citizens as well. See Hans v. State of Louisiana, 134 U.S. 1, 18, 10 S.Ct. 504, 33 L.Ed. 842 (1980). State officials in their official capacities do not have Eleventh Amendment immunity when sued for prospective injunctive relief. See Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed 714 (1908).

Plaintiff's 1983 actions against the defendants in their individual capacities are not barred by the Eleventh Amendment. Jones v. Culinary Manager II, 30 F. Supp.2d 491 (E.D. Pa. 1998). The Eleventh Amendment bars only actions under 42 U.S.C. §1983 for money damages against state officials acting in their official capacities. Kentucky v. Graham, 473 U.S. 159, 169 (1985). However, actions against state officials for injunctive relief are not prohibited, nor are suits against state officials for actions in their individual capacities. Hafer v. Melo, 502 U.S. 21, 31 (1991). State officials sued in their individual capacities are "persons" for the purposes of §1983 and can be sued in federal court. Rumph v. State Workman's Ins. Fund, 964 F.Supp. 180 (E.D. Pa. 1997).

Here, Plaintiff is not suing a state or a state agency. Plaintiff's claims are against the Defendants as Parole and police employees in their official capacities for injunctive in their individual capacities for monetary relief, Plaintiff complaint seeks both monetary and injunctive relief.

## X. QUALIFIED IMMUNITY

ARGUMENT

Defendant Powell contend that they are entitled to qualified immunity. Plaintiff clearly asserts that the defendants are not entitled to qualified immunity in this action.

because the rights defendants violated is clearly established it is well established that consistent with procedural due process, Plaintiff should have been given sufficient reason and/or hearing why his property was taken and/or destroyed.

The substantive component of the Fourteenth Amendment's Due Process Clause proscribes the deprivation of lief, liberty, and property save when constitutionally adequate procedures are employed U.S.C.A. Const.Amend. 14.

Even when constitutionally adequate procedures are employed, government action may violate substantive due process rights when it constitutes an arbitrary abuse of power.

CLOSING ARGUMENT

Plaintiff asserts that the Defendant summary judgment is misleading with a specific intent to have Plaintiff's complaint dismissed and to gloss over and cover-up the gross misconduct, unprofessionalism and indifference demonstrated by this defendant.

Under the doctrine of qualified immunity, "government official performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known," Harlow v. Fitzgerald, 457 U.S. 800, 818 (1992).

In this case now before the Court, Plaintiff has alleged that his rights was violated by the defendant, which is a clearly

established right.

The Defendants' should have known that their wrong doing violated plaintiff's rights." Rouse v. Plantier, 182 F.3d 192, 196-97 (3d Cir. 1999).

To determine whether qualified immunity is available, the actions of a reasonably competent official are assessed in light of the legal rules that were clearly established at the time actions was taken. Anderson v. Creighton, 483 U.S. 635, 638 (1987); Harlow, 457 U.S. at 818; Mitchell v. Forsythe, 472 U.S. 511, 530 (1985).

A legal right is clearly established if the contours of the right are sufficiently clear that a reasonable official would understand that his action - or lack thereof - violates that right. Anderson, 483 U.S. at 640. In order to be notice of a clearly established right, there need not exist "'a previous preecedent directly on point,'" instead, "there need only be 'some but not precise factual correspondence between relevant precedents and the conduct issue.'" Larsen v. Senate of the Commonwealth of Pennsylvania, 154 F.3d 82 87 (3d Cir. 1998), cert. denied, 525 U.S. 1144 (1999). If an official conduct violates clearly established statutory of constitutional rights of which a reasonable person should have known, the official can be held liable. Harlow, 457 U.S. at 818. What's more, "a general constitutional rule already identified in the decisional

13

law may apply with obvious clarity to the specific conduct in question, even though the very action in question has [not] previously been unlawful." Hope v. Pelzer, 536 U.S. 730, 741 (2002).

As addressed above, Plaintiff has not only alleged, but has established several violations of his minimum due process rights, particularly when viewed in the context of Defendants' Motion for Summary Judgment.

## CONCLUSION

The alleged/established violations of Plaintiff's rights as stated in the complaint first took place in February 17, 2006. The contours of each right asserted by Plaintiff was clearly established well in advance of that date, such that a reasonable official should have known that the actions taken against the Plaintiff would violate his rights. For the foregoing reasons, the Defendants motion for Summary Judgment should be DENIED.

Respectfully submitted:

_David T Cooper_
David T. Cooper
1100 Pike Street
Huntingdon, Pennsylvania 16654

Dated: 2.27.09

14

## PROOF OF SERVICE

I do hereby verify that a true and correct copy has been served upon the person(s) listed below said service was made by first class U.S. Mail.

Kevin R. Bradford, Esq.
21 South 12th Street, 3rd. Fl.
Philadelphia Pennsylvania 19107

Respectfully submitted:

_David T Cooper_
David T. Cooper
1100 Pike Street
Huntingdon, Pennsylvania 16654

Dated: 2·27·09