IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| David T. Cooper<br>plaintiff | : Civil Action<br>NO-08-346 |
| V. | : |
| Reginald A. Roberts<br>defendant | : |

MOTION ASKING FOR APPOINTMENT OF COUNSEL TO
BE RECONSIDERED AND NOT DENIED AS MOOT ON THE
GROUNDS OF PREVIOUS ORDER, DECEMBER 30th 2008

In support of previous motion dated November 2008 requesting the Honorable Court to appoint counsel pursuant to 28 U.S.C. 1915(e)(1).

With all due respect your Honor, in November of 2008 a motion for appointment of counsel was requested by the plaintiff to help obtain a medical file. At which time the motion was deined <u>without</u> prejudice stating, in any event counsel may subsequently be appointed at any point in the future should the circumstances change.

Once again, with all due respect your Honor, the circumstances have changed greatly. Which I ask the court to allow me to explain. On September 16th 2009, you gave your Memorandum Opinion and a order granting in part and dening in part to certain claims. As a result of your Honors' Order the plaintiffs' claim of excessive force against Roberts and failure to intervene to prevent excessive force against Grimm, Havrilak, Hatfield, and Powell shall proceed to trial.

So under Tabron V. Grace, 6F.147,155 3rd Cir.1993 is it safe to say the plaintiffs, claim has merit in fact and Law. Plaintiff feels that considering under a number of additional factors that counsel should be appointed,  Which include:

(1) The plaintiffs ability to present his case, taking into account, prior work experience, and prior litigation experience which the plaintiff has none.

(2) The complexity of the legal issues.

(3) The degree to which a factual investigation will be required and the plaintiffs ability to conduct such an investigation.

(4) The extent to which the case will turn on credibility determinations.

(5) The necessity of expert witnesses, and

(6) The plaintiffs ability to obtain private counsel.

However like plaintiff stated before, since he is not educated or skilled in law is why plaintiff had to get the assistance of other inmates to help him. The plaintiff also has tried several times to get private counsel to take his case on a contingency basis, but was unsuccessful. With that being said, plaintiff feels he will not receive a fair trial due to his lack of experience in law and no prior litigation experience.

### RELIEF REQUESTED

In view of all that has been addressed in law and facts, and the current posture of this civil action, plaintif is left with the only choice he has which is to request that counsel be appointed.

And respectfully requests and prays that this court will reconsider its previous motion denied as moot.

Enclosed is a copy of your Honors original Order.

DATE:

    NOVEMBER 12th  2009

                                     Respectfully submitted

                                       */s/ David T Cooper*

                                       David T. Cooper
                                       1100 Pike street
                                       S.C.I. Huntingdon
                                       Huntingdon, Pennsylvania
                                                 16654-1112

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID T. COOPER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| REGINALD A. ROBERTS, et al | : | NO. 08-0346 |

FILED
DEC 31 2008
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## ORDER

AND NOW, this 30th day of December, 2008, upon consideration of Plaintiff, David T. Cooper's, Motion for Appointment of Counsel, it is hereby **ORDERED** that Plaintiff's Motion is **DENIED** without prejudice.[1] Plaintiff shall have thirty (30) days from the date of this Order to file a responsive pleading to Defendants' Answers.

BY THE COURT:

_____
Mitchell S. Goldberg, J.

ENTERED
2008
CLERK OF COURT

---

[1] A District Court may, in its discretion, appoint counsel pursuant to 28 U.S.C. § 1915(e)(1), but there is no constitutional or statutory right thereto. Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). First, a court must consider whether the plaintiff's claim has some merit in fact and law. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). After determining that the claim has merit, a court should consider a number of additional factors, including: (1) the plaintiff's ability to present their case, taking into account education, literacy, prior work experience, and prior litigation experience, (2) the complexity of the legal issues, (3) the degree to which a factual investigation will be required and the plaintiff's ability to conduct such an investigation, (4) the extent to which the case will turn on credibility determinations, (5) the necessity of expert witnesses, and (6) the plaintiff's ability to obtain private counsel. Id. at 156-157.

Because Judge Robreno previously granted Plaintiff's motion for *in forma pauperis* status, we conclude that Plaintiff's claims, as alleged, are not frivolous or malicious. See 28 U.S.C. § 1915(e)(2)(B). Beyond that however, we are unable to determine the merits of the claim, as Plaintiff has not provided this Court with anything more than the allegations in the Complaint, which have been directly refuted by the Defendants' Answers. Thus, considering the factors enumerated above, we find that: Despite Plaintiff's claim that he is not "versed in law" and not educated or skilled, he has shown a sufficient level of knowledge of the law to allege causes of action against the Defendants and survive a Motion to Dismiss; the legal issues in this case are not complex; the required factual investigation is not overly extensive, as Plaintiff has claimed the need of an attorney only to help him obtain his medical file and determine each Defendants' involvement; and the need for expert witnesses is undetermined at this time. These factors weigh against the appointment at this time, especially considering the Third Circuit's acknowledgment that the supply of competent, pro bono attorneys cannot meet the number of prisoner civil rights actions filed annually. Tarbon, 6 F.3d at 157. In any event, counsel may subsequently be appointed at any point in the future should the circumstances change. Id. at 156.